6982

#### McCALL v. ALEXANDER.

PLEADINGS—AGRICULTURAL LIEN.—AN INDICTMENT in a magistrate court charging a lienor with selling crop under lien, need not allege that such sale was made without the written consent of lienee.

Before HYDRICK, J., Oconee, March, 1908.    Reversed.

Action by C. H. McCall against T. E. Alexander.    From order sustaining demurrer to complaint, plaintiff appeals.

*Messrs. J. R. Earle* and *Stribling & Herndon,* for appellant.    *Mr. Earle* cites: 2 Hill, 499; 35 S. C., 344.

*Mr. R. T. Jaynes,* contra, cites: Crim. Code, 337; 22 Cyc., 336, 344; 2 N. & McC., 365.

July 28, 1908.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    This is an action for malicious prosecution, and the appeal is from an order sustaining a demurrer to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action, in that it does not allege that the warrant under which the plaintiff was arrested contained the statement that the property was sold without the written consent of the lienee.

The allegations of the complaint are as follows:

1. "That on the 9th day of July, 1906, the defendant, T. E. Alexander, applied for and obtained from A. P. Crisp, a magistrate in the County of Oconee, a warrant against the plaintiff herein, naming the plaintiff as Kit McCall, under the charge that the plaintiff did dispose of crop, under lien, of the value of nineteen dollars.

2. "That on the 30th day of July, 1906, the plaintiff requested and obtained an order from the said A. P. Crisp, magistrate, which was entered upon the said warrant, as

follows, to wit: '*Nol pros.*, July 30, 1906. A. P. Crisp, M. O. C.'

3. "That on the said 30th day of July, 1906, the defendant, T. E. Alexander, applied for and obtained from A. P. Crisp, a magistrate in and for Oconee county, a warrant of arrest for the plaintiff, charging the plaintiff, as C. H. McCall, *alias* Kit McCall, with selling or disposing of one bale of cotton and seed out of same, of the value of about forty dollars, on which deponent held a statutory lien for rent, without paying same in the clerk's office within ten days.

4. "That under the warrant first above mentioned this plaintiff was arrested and compelled to come to Walhalla from his home, a distance of about fifteen miles, and bring with him a bondsman and enter into recognizance, in the sum of two hundred dollars, in order to obtain his release.

5. "That on the 30th day of July, 1906, the said prosecution, or cause, was heard before A. P. Crisp, magistrate as aforesaid, and after a full and fair investigation of all the facts, the said case was, by order of the said magistrate, dismissed, and the defendant discharged and the prosecution thereby ended.

6. "That in applying for and obtaining the warrants, in the aforesaid prosecution, the defendant acted maliciously, wilfully and without any cause to sustain the said prosecution, the defendant well-knowing that he had received a full and complete settlement of all rents due.

7. "That by reason of the said wilful, malicious and unwarranted prosecution, the plaintiff herein sustained damages in the sum of one thousand dollars."

Section 337 of the Criminal Code provides that:

"Any person or persons who shall sell. or dispose of any personal property on which any mortgage or other lien exists, without the written consent of the mortgagee or lienee, or the owner or holder of such mortgage or lien, and shall fail to pay the debt secured by the same within ten days after such sale or disposal, or shall fail in such time

to deposit the amount of said debt with the clerk of the Court of Common Pleas for the county in which the mortgage or lien debtor resides, shall be deemed guilty of a misdemeanor."

Section 56 of the Criminal Code is as follows:

"Every indictment shall be deemed and judged sufficient and good in law which, in addition to allegations as to time and place, as now required by law, charges the crime substantially in the language of the common law, or of the statute prohibiting the same, or so plainly that the nature of the offense charged may be easily understood; and if the offense be a statutory offense, that the same be alleged to be contrary to the satute in such case made and provided."

The words, "or so plainly that the nature of the offense may be easily understood," show that even if the defendant had been tried in the Court of General Sessions on a formal indictment, setting forth the facts alleged to have been stated in the warrant, it would have been deemed sufficient.

In the case of *State* v. *Williams,* 35 S. C., 344, 14 S. E., 309, it was held that under an indictment for selling cotton covered by a lien, without the written consent of the lienee, it was not necessary, after the State proved the lien and sale, for it to prove further that the lienor did not have the written consent of the lienee to make such sale.

The authorities cited by the Court to sustain this proposition tend to show that it was incumbent on the lienor t› prove, by way of defense, that he had the written consent of the lienee to sell the property.

If the Court had deemed it essential to set forth in the indictment that the property was sold without the written consent of the lienee, it could not have ruled that it was unnecessary for the prosecution to prove this fact, as one of the cardinal rules of evidence is that the burden of proof rests upon the party alleging the fact.

Section 20 of the Criminal Code provides that "all proceedings before magistrates in criminal cases shall be commenced on information, under oath, plainly and substan-

tially setting forth the offense charged, upon which and only which shall a warrant of arrest issue."

The Court, in the case of *McConnell* v. *Kennedy,* 29 S. C., 180, 189, 7 S. E., 76, commenting on this section, uses the following language: "There is no doubt that this proceeding was commenced by information, under oath, and the only question is, whether such oath or affidavit 'plainly and substantially' sets forth the offense charged. It is quite clear that even at common law, where the greatest strictness was observed in all criminal proceedings, it was never deemed necessary that the warrant or affidavit upon which it was based should set forth the offense charged with the technical precision required in indictments. 1 Chit. Cr. L., 42, and note; *State* v. *Killet,* 2 Bail., 290; *State* v. *Everett and Potter,* Dud., 298; *State* v. *Rowe and Vaughn,* 8 Rich., 20. The manifest object of the provision of the General Statutes, above quoted, was to require that the offense with which a party was charged should be so set forth 'plainly and substantially,' as would · enable the party accused to understand the nature of the offense with which he was charged, so that he might be prepared to meet the charge at the proper time. It certainly never was designed to require any mere formality or technical accuracy in stating the offense; this, as we have seen, never was required, and it would be unfortunate for the interests of public justice that it ever should be."

The allegations of the complaint show that the offense was plainly and substantially charged in the warrant.

His Honor, the presiding Judge, therefore, erred in sustaining the demurrer.

It is the judgment of this Court that the judgment of the Circuit Court be reversed.