7286

STATE v. ROSS.

HOUSE BREAKING.—AN INDICTMENT charging entering an office with intent to steal is not defective on request to charge because it does not allege the entry was without breaking.

Before PRINCE, J., Barnwell, March term, 1908. Affirmed.

Indictment against John B. Ross. From sentence, defendant appeals.

*Mr. G. M. Greene,* for appellant, cites: 10 Ency. P. & P., 485; Clark's Cr. Proc., 154; 19 S. C., 140; 47 S. C., 2; 3 McC., 385; 20 S. C., 408; 8 S. E., 346; 99 Pa. St., 570; 4 Cr. Law Mag., 807, 805; 100 U. S., 13.

*Solicitor Jas. F. Byrnes,* contra, cites: 11 Sup. Ct., 773-7; 140 U. S., 254; 68 Pac., 757; 61 N. Y. Supp., 326; 60 Id., 1033; 73 N. W., 579; 3 Hill, 61; 18 S. C., 323.

September 9, 1909. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. The defendant was tried on an indictment which contained two counts. The first count charged him, under section 145 of the Criminal Code, with breaking and entering the treasurer's office, in the court house at Barnwell, in the night time, with intent to steal. The second count charged him, under section 163 of the Criminal Code, with entering the said office with intent to steal. The testimony on the part of the State tended to show that defendant broke and entered said office, in the day time, with intent to steal.

The defendant requested the Court to charge that the jury must consider only the first count, and acquit the defendant, if the State had failed to make out a case under

that count, because the offense condemned by section 163 was not sufficiently alleged in the second count, in that it was not therein alleged that the defendant entered "without breaking." The Court refused the request and directed a verdict of not guilty on the first count, and submitted the State's case to the jury on the second count. The verdict was: "Not guilty, as to the first count; guilty, as to the second count." After sentence, defendant appealed.

The exceptions raise the single point that the second count charged no crime, because it was not therein alleged that the entry was "without breaking," and, therefore, the conviction was illegal. So far as pertinent to the question under consideration, section 163 is as follows: "Any person who shall enter, without breaking, or attempting to enter, any house or vessel whatsoever, with intent to steal or commit any othe crime, * * * shall be deemed guilty of a misdemeanor," etc.

The case of *McCall* v. *Alexander*, 81 S. C., 131, 61 S. E., 1106, decides the point against appellant. That was an action for malicious prosecution, which grew out of an indictment in a magistrate's court, which charged a lienor with selling cotton under lien, in violation of section 337 of the Criminal Code, which is as follows: "Any person or persons who shall sell or dispose of any personal property on which any mortgage or other lien exists, without the written consent of the mortgagee or lienee," etc. The warrant failed to allege that the cotton was sold "without the written consent of the lienee." The defendant demurred to the complaint, for insufficiency, on the ground that the warrant, which was set out in the complaint, charged no crime, because it was not therein alleged that the sale had been made "without the written consent of the lienee." The Court, at page 133, said: "Section 56 of the Criminal Code is as follows: 'Every indictment shall be deemed and judged sufficient and good in law which, in addition to allegations as to time and place, as now required by law, charges the

crime substantially in the language of the common law, or
of the statute prohibiting the same, or so plainly that the
nature of the offense charged may be easily understood;
and if the offense be a statutory offense, that the same be
alleged to be contrary to the statute in such case made and
provided.' The words 'or so plainly that the nature of the
offense may be easily understood,' show that even if the
defendant had been tried in the Court of General Sessions
on a formal indictment, setting forth the facts alleged to
have been stated in the warrant, it would have been deemed
sufficient.

"In the case of *State* v. *Williams*, 35 S. C., 344, 14 S. E.,
309, it was held that under an indictment for selling cotton
covered by a lien, without the written consent of the lienee,
it was not necessary, after the State proved the lien and
· sale, for it to prove further that the lienor did not have the
written consent of the lienee to make such sale.   *   *   *
If the Court had deemed it essential to set forth in the
indictment that the property was sold without the written
consent of the lienee, it could not have ruled that it was
unnecesary for the prosecution to prove this fact, as one of
the cardinal rules of evidence is that the burden of proof
rests upon the party alleging the fact." See, also, *State* v.
*Bouknight*, 55 S. C., 353, 33 S. E., 451.

But, even if the indictment had been defective in the par-
ticular alleged, as the defect was not fatal it could not have
availed the appellant, because he did not raise the objection
at the proper time, or in the proper way.

Section 57 of the Criminal Code provides: "Every objec-
tion to any indictment for any defect apparent on the face
thereof shall be taken by demurrer, or on motion to quash
such indictment before the jury shall be sworn, and not
afterwards."

The alleged defect was apparent upon the face of the
indictment, and the record shows that there was no demur-
rer to the indictment, or motion to quash it, but that the

objection was first raised by a request to charge, made during the argument to the jury.

The judgment of the Circuit Court is affirmed.