## 7596

### STATE v. DAVIS.

1. PLEADINGS—INDICTMENT.—Objections that an indictment does not state the time of finding by the grand jury nor the date of the offense come too late after jury is sworn.
2. SENTENCE—LARCENY FROM THE FIELD.—Under section 169, Criminal Code, relating to stealing from the field, the Judge is not required to give an alternative sentence.

Before ALDRICH, J., Charleston, February term, 1910. Affirmed.

Indictment against James Davis for larceny from the field. From sentence, defendant appeals.

*Mr. Alonzo E. Twine,* for appellant, cites: *Judgment may be arrested for apparent defects:* 1 Bail., 379; 2 N. & M. C., 312, 435; 2 Bay., 215; 1 Brev., 202. *Sentence should be in the alternative:* Cr. Code, 169; 29 Ency., 325; 58 Fed., 166.

*Assistant Attorney General M. P. DeBruhl,* contra, cites: *Motion in arrest of judgment made too late:* Cr. Code, 57; 56 S. C., 383. *Alternative sentence not required:* 91 Tenn., 487; 2 Am. St. R., 310; 82 N. C., 682; 21 Wall., 163.

July 4, 1910.  The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES.  The defendant was convicted and sentenced under an indictment charging larceny from the field.

After trial and verdict of guilty, the defendant moved in arrest of judgment on the ground that the indictment was fatally defective, in that it failed to state the time of finding by the grand jury, and the refusal of the motion is the basis of exception.  The indictment was as follows:

"State of South Carolina, County of Charleston.

"At a Court of General Sessions begun and holden in and for the County of Charleston, in the State of South Carolina, at Charleston Courthouse, in the county and State aforesaid, on the second Monday of February, in the year of our Lord one thousand nine hundred and———. The jurors of and for the County of Charleston aforesaid, in the State of South Carolina aforesaid, upon their oath, present that James Davis on the ——— day of October, in the year of our Lord one thousand nine hundred and nine, with force and arms, at Charleston Courthouse, in the County of Charleston and State aforesaid ——— from the field of the said C. G. Dupont and S. P. Windham of the value of fifty ($50.00) dollars of the proper goods and

14—86

chattels of C. G. Dupont and S. P. Windham, then and there being found, feloniously did steal, take and carry away, against the form of the statute in such case made and provided, and against the peace and dignity of the State. John H. Peurifoy, Solicitor."

The appellant also excepts on a ground not made in the Circuit Court, namely, that the time of the offense is not alleged.

All such objections come too late after the jury is sworn. Sec. 57 of the Criminal Code provides: "Every objection to any indictment for any defect apparent on the face thereof shall be taken by demurrer or on motion to quash such indictment before the jury shall be sworn and not afterwards."

The defects complained of related merely to the form of the indictment and did not materially affect the nature of the offense charged, hence may have been easily cured by amendment upon timely objection. *State* v. *May,* 45 S. C., 509, 23 S. E., 513.

Appellant's remaining exception is that the sentence is void because it is not in the alternative. The sentence was imprisonment at hard labor on the public works of Charleston county for the term of two years or at hard labor in the State Penitentiary for a like period, two years. The Statute, sec. 169, Criminal Code, provides that "whosoever shall steal from the field, any grain, cotton or vegetables, whether severed from the freehold or not, shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall be punished by imprisonment for not more than five years or by a fine of not more than five hundred dollars."

The appellant contends that the judgment after providing for imprisonment should have further provided an alternative of fine. Such a construction of the statute would give the prisoner the right to determine whether he should suffer fine or imprisonment, whereas the statute

leaves it to the Court to determine what shall be the sentence either by fine or by imprisonment. The sentence was in conformity to the statute.

The judgment of the Circuit Court is affirmed.