7934

STATE v. DURHAM.

1. EVIDENCE—PAROL.—Where a witness is accused of having been arrested for a crime irrelevant or immaterial to the one under investigation, parol evidence is admissible in reply to show what crime he was charged with in the arrest warrant.

2. IBID.—Admission of evidence on an irrelevant or an immaterial issue is not reversible error except where shown to have been prejudicial.

3. SENTENCE—VERDICT.—Where the statute requires an alternative sentence, and it is not so given, on appeal the verdict will not be set aside but case remanded to have the sentence reformed.

Before D. S. HENDERSON, Special Judge, Greenville, May term, 1910.   Sentence set aside.

Indictment against Dave Durham.   Defendant appeals.

*Messrs. John M. Daniel* and *Cothran, Dean & Cothran,* for appellant, cite: *Contents of a warrant should not be proved by parol:* 41 S. C. 526; 35 S. C. 311; 2 Rich. 144; 5 Rich. 372; 2 Hill 542; 1 Green Ev., sec. 558. *Solicitor should not contradict his own witness:* 43 S. C. 123; 22 S. C., 187.

*Solicitor P. A. Bonham,* contra.

July 1, 1911.   The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.   Defendant was convicted of manslaughter and sentenced to hard labor in the State penitentiary for ten years.   The State examined only two witnesses to the fatal encounter, both of whom testified that deceased had no pistol and did not shoot at defendant. Defendant's attorney asked them, on cross-examination, if they had not been arrested and put in jail on the charge of stealing the pistol which deceased had on that occasion. One of them said that he had.   The other denied it; but said

that he had been arrested and put in jail on some charge connected with the homicide in question, but that he did not know what the charge was. It appears that both were ignorant negro boys and that they were released from custody after a few days' confinement. The State then proved by the magistrate who issued the warrant for their arrest that they were not charged with stealing deceased's pistol, but with being accessories to the murder.

The first exception assigns error in admitting the magistrate's testimony as to the charge contained in the warrant, on the ground that the warrant was the best evidence of the charge therein contained. The charge against the witnesses was irrelevant and immaterial. *State* v. *Wyse,* 33 S. C. 591, 12 S. E. 556; *Kirkland* v. *Ry.,* 79 S. C. 273, 60 S. E. 668. Therefore the warrant involved only collateral matter as to which parol evidence was admissible. *Charles* v. *R. R. Co.* 78 S. C. 39, 58 S. E. 927. Moreover, the rule is well settled that the admission of irrelevant evidence or of incompetent evidence on an immaterial issue is not reversible error, unless it is made to appear that it was prejudicial, which has not been done in this case.

The second exception complains that the sentence was not in the alternative as prescribed by the statute, which reads: "All able-bodied male convicts, whose sentences shall not be for a longer period than ten years, * * * shall be sentenced to hard labor upon the public works of the county in which such convict shall have been convicted, and in the alternative to imprisonment in the county jail or State penitentiary at hard labor." 24 Stat. 110. The failure to impose the alternative sentence required by the statute was, no doubt, due to an oversight of the presiding Judge. As the error relates only to the sentence, the verdict will not be disturbed, but the sentence imposed will be set aside and the case remanded to the Circuit Court with

instructions to impose sentence in the alternative, as required by the statute.

Judgment accordingly.