## 5612.   HARRIS et al. v. THE STATE.

1. When one is on trial for violation of a statute which contains an exception or proviso covering circumstances that may render legal an act which as a rule is unlawful, the burden is upon him to bring himself within the exception or proviso, but in all criminal trials the burden is upon the State to prove every allegation which is material to constitute an essential element of the offense.

2. Under the provisions of section 617 of the Penal Code, the taking of oysters from any private bed is punishable as a misdemeanor only when the oysters are taken without authority from the owner. It therefore devolves upon the State to show that one accused of a violation of this section did not have authority from the owner to take the oysters in question; and a conviction is not supported unless the fact that the taking was without the owner's authority is established (as every material allegation must be) beyond a reasonable doubt.

3. The presumption of innocence which, in the absence of evidence to the contrary, is dependent upon the inference that the accused would not knowingly violate the law, and that therefore the taking was authorized by the owner of the private oyster-bed, was not rebutted by evidence of the owner's agent, who, though he was in charge of the property, had not been given exclusive power in the premises, and who testified that he did not know and could not swear that the owner had not consented for the accused to take the oysters which they were charged with having taken.

4. The evidence being insufficient to show that the taking was without the owner's authority, the State failed to prove the guilt of the accused, and it was therefore error to refuse a new trial.

DECIDED MAY 14, 1914.

Indictment for misdemeanor; from McIntosh superior court—Judge Sheppard. March 13, 1914.

*Edwin A. Cohen,* for plaintiffs in error.

*N. J. Norman, solicitor-general,* contra.

RUSSELL, C. J. The plaintiffs in error were convicted of the offense of taking oysters from 'a private bed of one H. E. Coffin, on the west shore of Sapelo Island, in McIntosh county. The indictment alleged that the taking was unlawful and "with force and arms, without authority from the owner, H. E. Coffin." Section 617 of the Penal Code declares that "If any person shall, without authority from the owner, take or catch any oysters from any private bed . . . , he shall be guilty of a misdemeanor." No one will contend that if the owner of a private oyster-bed invited another, or gave permission to another, to gather oysters therefrom, the taking of oysters from it under such permission would be a violation of the law. It is therefore readily to be seen that the gist

of the offense prescribed in the statute is the taking of oysters from private beds *without the owner's consent,* and it is not an offense to take them with the owner's authority. In the case at bar the owner appears to be a non-resident, but, according to the proof, he spends a considerable portion of his time in McIntosh county, on Sapelo Island, and he was on Sapelo Island at the time of the trial. An agent of the owner testified that he saw the defendants with a boat and several bateaux getting oysters from Mr. Coffin's private bed, on the west shore of Sapelo Island, and that he arrested them. He testified that he was in charge of the island and of the private oyster-beds on the date named in the indictment (October 28, 1913), and that he did not give the defendants, or any of them, authority to take the oysters. He did not state, however, that he had been in charge of the oyster-beds prior to the date when he saw the defendants getting the oysters, and he swore that he did not know that Mr. Coffin, the owner, had not given them authority or permission to take the oysters in question. On cross-examination he swore that "he [Mr. Coffin] may have done so." It further appeared that Mr. Coffin came to Sapelo Island several times a year, was there at the time the witness was testifying, and had been there a few months before. The defendants made no statement.

The quotation from the code section upon which the indictment was based suffices to show the necessity for the State to prove that the taking of the oysters was without authority from the owner. It is essential for the commission of the crime that the taking be without authority, and the fact that the taking was without authority was to be proved by the State, as was any other allegation material as an element in the alleged offense. To make out a prima facie case of guilt it was necessary for the State to show affirmatively that the owner had not given the defendants authority to take the oysters in question. Of course, where a proviso in a criminal statute prevents its penal application under particular facts or certain conditions, the proviso is defensive in its nature, and the existence of the defensive facts or conditions must be established by the defendant, but, under the indictment here involved, the gist of the offense is the removal without the owner's authority. It is insisted by State's counsel that the want of consent, or absence of authority from the owner, may be proved by testimony other than that of the owner himself, and it is urged

that the statute did not contemplate that there could be no conviction if it should occur that the owner, who had left the property in the charge of another, was absent and could not testify to his non-consent. We can imagine cases where such an agency could be conferred by the owner as to include exclusive and irrevocable authority to grant or withhold consent to the taking of oysters from an oyster-bed, or such exclusive power could be granted with reference thereto as would render the testimony of an agent, that he himself did not consent, proof that the owner did not authorize the taking of any oysters. However, such is not the present case. Nothing more appears from the record than that Mr. Strickland is Mr. Coffin's agent in charge of his oyster-beds. There is no evidence that he is in exclusive charge. There is evidence that Mr. Coffin is frequently at Sapelo Island; that the defendants lived near by; and it is as reasonable to suppose that Mr. Coffin knows them, and that he gave them authority to get the oysters in question, as that they were getting the oysters without authority and in violation of the law. The fact that the owner is a non-resident no more relieves him from the duty of testifying as a witness than if he were a resident of the State. Every defendant is presumed to be innocent until his guilt is established to the satisfaction of the jury beyond any reasonable doubt. And when an act is subject to two constructions,—one consistent with innocence, and the other merely indicative of guilt,—it is well settled that the theory which points to innocence is to be adopted rather than that which points to guilt. Under this well-settled rule, it can not be held that the evidence of an agent (whose principal was at the very time within the jurisdiction of the court), to the effect that he did not know whether the owner had given authority or not, is sufficient to so overcome the general presumption of innocence as to establish the essential averment that the owner had not authorized the oysters to be taken.

*Judgment reversed.*