11075

STATE v. GOINS

(115 S. E., 232)

1. CRIMINAL LAW—STATUTE AUTHORIZING IMPRISONMENT OR FINE GIVES JUDGE DISCRETION TO IMPOSE EITHER.—Cr. Code 1912, § 697, making non-support of wife or minor child a misdemeanor, and providing that upon conviction thereof defendant shall be imprisoned for a term not exceeding one year or be liable to a fine not exceeding

$200, gives the Court discretion to impose either fine or imprison-ment, but requires it to determine which of the two shall be imposed.

2. CRIMINAL LAW—SENTENCE, SUSPENDING IMPRISONMENT WHILE DEFENDANT PAID SUM FOR WIFE'S SUPPORT, HELD ERRONEOUS.—A sentence of a man, convicted of a failure to support his wife and minor child, to imprisonment for one year, but suspending the imprisonment so long as he shall pay into Court $50 a month for their support and shall give bond to secure such payment, was erroneous in failing to determine whether the sentence should be imprisonment or a fine and also as imposing an alternative sentence that exceeded the fine of $200 permitted by Cr. Code 1912, § 697, for that offense, and as depriving defendant of his right to avoid imprisonment by giving the bond as provided in the statute.

3. HUSBAND AND WIFE—HUSBAND HAS BURDEN OF PROVING JUST CAUSE FOR FAILURE TO SUPPORT WIFE.—Under Cr. Code 1912, § 697, making it a misdemeanor for any able-bodied man, without just cause, to fail to support his wife or minor child, the burden rests on defendant to show a just cause or excuse for failure to support his wife and minor daughter.

4. CRIMINAL LAW—ERROR AFFECTING SENTENCE ONLY DOES NOT REQUIRE NEW TRIAL.—Where the only error pertains to the sentence imposed upon the defendant, he is not entitled to a new trial, but the case will be remanded, in order that he may be resentenced in accordance with law.

Before TOWNSEND, J. Richland. June, 1922. Reversed with directions.

John Goins indicted for non-support of wife and daughter and upon conviction, appeals.

*Messrs. Thos. E. Hair* and *Graydon & Graydon,* for appellant, cite: *Indictment under Section 697, Criminal Code 1912. Judge improperly put burden of proof on defendant:* 99 S. C., 74.

*Mr. A. F. Spigner, Solicitor,* for respondent. Oral argument.

December 29, 1922.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The following statement appears in the record:

"The defendant, John Goins, was indicted and tried at the June term of the Court of General Sessions for Richland County, 1922, on an indictment charging him with non-support of his wife, Etta Goins, and his daughter, Grace Goins, who is 17 years of age and unmarried. The case was tried at the said term of Court on June 20, 1922, and resulted in a verdict of 'guilty,' whereupon Hon. W. H. Townsend imposed the following sentence, to wit: 'The sentence of the Court is that the prisoner, John Goins, be held to labor upon the public works of Richland County for a period of one year, or be confined at hard larbor in the State penitentiary for a like period. This sentence to be suspended so long as the defendant shall pay to the Clerk of this Court $50 monthly, on the 20th day of each month, to be applied by said Clerk to the support of Etta Goins, the wife, and Grace Goins, the minor child of said defendant and upon the said defendant giving bond in the sum of $300 conditioned upon his supporting and maintaining the said wife and child by making said monthly payments to the said Clerk of Court for their benefit and support.' In due time the defendant served notice of intention to appeal to the Supreme Court from the said sentence.

"(1) Because his Honor erred in sentencing the defendant to serve twelve months on the chaingang or pay to his wife the sum of $50 per month; said sentence being contrary to the law and beyond the jurisdiction of his Honor to impose.

"(2) Because said sentence was not according to Section 697 of the Criminal Code.

"(3) Because under the Statute 697 of the Criminal Code, punishment of the defendant could only be for one year, or to a fine not exceeding $200, and his Honor was without jurisdiction to impose upon the defendant the payment of $50 per month for twelve months, thus making the fine $600 instead of $200.

"(4) Because his Honor erred in charging the jury that the burden of proof rested upon the defendant to show that he had a just cause or excuse, when he should have charged them the burden rested upon the State to prove its case beyond a reasonable doubt, including everything in the Statute necessary to convict.

"(5) Because the Statute is a criminal one, and must be strictly construed, and it is incumbent upon the State to prove everything necessary to convict, and is therefore necessary for the State to prove that the defendant, without just cause or excuse, had abandoned or failed to provide the actual necessaries of life to his wife or minor child and his Honor erred in charging to the contrary."

Section 697 of Criminal Code 1912, is as follows: ·

"Any able-bodied man who shall, without just cause or excuse, abandon or fail to supply the actual necessaries of life to his wife or to his minor, unmarried child or children dependent upon him, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be imprisoned for a term not exceeding one year, or be liable to a fine not exceeding two hundred dollars: *Provided,* That if he, either before or after conviction, shall give bond, with one or more sureties, approved by the Clerk of the Court, in the sum of not less than $300, conditioned upon his supporting and maintaining his said wife or said minor unmarried child or children, he shall not be imprisoned or the fine imposed until the condition of said bond is broken."

His Honor, the presiding Judge, was authorized by said Section to impose an alternative sentence. but it could only be imprisonment for a term not exceeding one year, or a fine not exceeding $200. But it was a question for the Court to determine, which of the alternative sentences should be imposed. A similar question arose in the case of *State v. Davis,* 86 S. C., 208; 68 S. E., 532, in which this Court used these words:

"The appellant contends that the judgment after providing for imprisonment should have further provided an alternative of fine. Such a construction of the Statute would give the prisoner the right to determine whether he should suffer fine or imprisonment, whereas the Statute leaves it to the Court to determine what shall be the sentence either by fine or by imprisonment."

Not only was there error on the part of his Honor, the Circuit Judge, in failing to determine whether the sentence should be imprisonment for a term not exceeding one year or a fine not exceeding $200, but there was error, likewise, in imposing an alternative sentence that exceeding a fine of $200. Furthermore, if the alternative sentence was enforced, it would have the effect of depriving the defendant of his right to relief under the proviso in said Section.

The exceptions also assign error on the part of his Honor, the presiding Judge, in ruling that the burden of proof rested upon the defendant to show that he had a just excuse for failure to support his wife and daughter. The case of *State v. Barden,* 64 S. C., 206; 41 S. E., 959, shows that the exceptions raising this question cannot be sustained.

As the error, however, merely pertains to the sentence imposed upon the defendant, by his Honor, the presiding Judge, it does not entitle him to a new trial, but merely to a new sentence in conformity to the requirements of the Statute. *State v. Baker,* 58 S. C., 111; 36 S. E., 501; *State v. Durham,* 89 S. C., 134; 71 S. E., 847.

The sentence of the Circuit Court imposed on the defendant is reversed, and the case remanded in order that he may be resentenced, in accordance with the requirements of law.

MR. JUSTICES WATTS, FRASER and MARION concur.

MR. JUSTICE COTHRAN concurring: Indictment against the defendant for non-support of his wife and child. Trial was had before Judge Townsend and a jury at June term,

1922, of the Court of General Sessions for Richland County. Verdict, "Guilty." The sentence of the Court was as follows:

"The sentence of the Court is that the prisoner, John Goins, be held to labor upon the public works of Richland County for a period of one year, or be confined at hard larbor in the State penitentiary for a like period. This sentence to be suspended so long as the defendant shall pay to the Clerk of this Court $50 monthly, on the 20th day of each month, to be applied by said clerk to the support of Etta Goins, the wife, and Grace Goins, the minor child of said defendant, and upon the said defendant giving bond in the sum of $300, conditioned upon his supporting and maintaining his said wife and child by making said monthly payments to the Clerk of the Court for their benefit and support."

The exceptions raise but two questions: (1) An alleged error in the Judge's charge: (2) the validity of the sentence imposed upon the defendant.

As to the first question: The presiding Judge charged the jury as follows:

"Now, in order to convict, it must appear first, that the defendant is the husband of the wife and the father of the child and that he is an able-bodied man, able to work, and that he has abandoned them—left them without providing for their support or failed to supply them with the necessaries of life, and in so abandoning them, or failing to supply them with the necessaries of life he is without just cause or excuse. If he has a just cause of excuse for abandoning his wife or child, and shows that, by the preponderance of the evidence, the jury should acquit him—if he can show cause or excuse for abandoning his wife or child."

The error assigned is, under the circumstances stated, in placing the burden upon the defendant to establish a just cause or excuse for abandoning his wife and child; the appellant contending that the burden was at all times upon

the State to prove beyond a reasonable doubt, not only that the defendant had abandoned his family, but that he had done so without just cause or excuse. The Statute is as follows (Criminal Code, A. D. 1912, § 697) :

"Any able-bodied man who shall, without just cause or excuse, abandon or fail to supply the actual necessaries of life to his wife or his minor, unmarried child or children dependent upon him, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be imprisoned for a term not exceeding one year, or be liable to a fine not exceeding two hundred dollars: *Provided,* That if he, either before or after conviction, shall give bond, with one or more sureties, approved by the Clerk of the Court, in the sum of not less than $300, conditioned upon his suporting and maintaining his said wife or said minor unmarried child or children, he shall not be imprisoned or the fine imposed until the condition of said bond is broken."

The defendant offered no evidence tending to establish a just cause or excuse for the alleged abandonment. The State made out a *prima facie* case against the defendant upon proof that he was an able-bodied man, and that he had abandoned or failed to supply the actual necessaries of life to his wife or minor unmarried child, dependent upon him. If such abandonment or failure was under circumstances establishing a just cause or excuse therefor, it was incumbent upon the defendant to make it appear by the preponderance of the evidence.

The case of *State v. Barden,* 64 S. C., 206; 41 S. E., 959, is conclusive upon the proposition. In that case the defendant was indicted for a violation of Section 277 of the Criminal Code, now Section 446, disposing of property under lien. The Statute contains the following clause, as much an element in the offense as the words "without just cause or excuse" in the Statute under consideration :

"And shall fail to pay the debt secured by the same, within ten days after such sale or disposal, or shall fail in such time

to deposit the amount of the said debt with the Clerk of the
Court of Common Pleas for the County in which the mort-
gagee or lien debtor resides."

The Court held that the words of the Statute quoted—
"do not in strictness constitute any part of the offense, but,
on the contrary, provide the mode by which the person
selling or disposing of the property under lien, may prevent
the operation of the Statute, if he sees fit to avail himself of
such provision."

See, also, the following cases which support the rule an-
nounced: *State v. Chavis,* 34 S. C., 133; 13 S. E., 317; *In re
Oliver,* 21 S. C., 318; 53 Am. Rep., 681; *State v. Bouk-
night,* 55 S. C., 353; 33 S. E., 451; 74 Am. St. Rep., 751;
*State v. Ross,* 83 S. C., 434; 65 S. E., 443; *State v. Geuing,*
1 McCord, 574.

In the Chavis case the indictment was for privily stealing
from the person. The defendant contended that it was in-
cumbent upon the State to prove that no force was used.
The Court held that no such obligation rested upon the
State.

In the Oliver case the prosecution was for conducting a
business without the license required by a city ordinance.
The prosecuting officer proved that the defendant carried
on such business, but did not prove that he had no license.
The defendant raised no special issue by plea, and put up no
testimony, contending that he was entitled to an acquittal
upon the ground that the State had failed to make out its
case by proving that he had no license. The Court held that
from the character of the act charged and the conduct of
the defendant an allowable presumption arose sufficient to
put the defendant to proof of an exculpatory fact, quoting
from Greenleaf as follows:

"It is obvious that plenary proof on the part of the affirm-
ant can hardly be expected, and therefore it is considered
sufficient if he offer such evidence as, in the absence of
counter testimony, would afford ground for presuming that

14—S. C.—122

the allegation is true"; and placing the rule upon another
ground:

"But when the subject matter of a negative averment lies
peculiarly within the knowledge of the other party the aver-
ment is taken as true unless disproved by that party."

If the defendant in a prosecution as in the case at bar
should undertake to excuse his abandonment by showing
that it was under circumstances constituting a "just cause
or excuse," he should assume the burden of establishing
such defense by the preponderance of the evidence, subject
to the well-established rule, most commonly applied to cases
of self-defense, that if upon the whole case the jury enter-
tained a reasonable doubt of his guilt, they should acquit.

In the Bouknight case the indictment was for housebreak-
ing under what is now Section 178 of the Criminal Code.
The defendant's objection to the indictment was that it did
not negative the exception in the Statute, "the breaking and
entering of which would not constitute burglary." The
Court held that as the exception was no part of the offense
the negation was not essential. It will be observed that this
case involved the sufficiency of the indictment, and not the
sufficiency of the evidence. We are inclined to think that
the words "without just cause or excuse" are essential ele-
ments in the crime, and that an indictment which omitted
them would be insufficient; but, as has been seen, that re-
lates to the sufficiency of the indictment, and not to the
sufficiency of the evidence or to the burden of proof.

In the Ross case the indictment was for entering an office,
in violation of what is now Section 198 of the Criminal
Code. The defendant's objection to the indictment was that
it did not negative the exception in the Statute, "without
breaking." The Court held upon the authority of *McCall
v. Alexander,* 81 S. C., 131; 61 S. E., 1106, and *State v.
Williams,* 35 S. C., 344; 14 S. E., 819, that the objection
was not tenable. This, like the Bouknight case, involved the
sufficiency of the indictment, and the observation above in

connection with that case are applicable to this.   See the comments of the Court upon the two cases referred to.

In *State v. Geuing,* 1 McCord, 573, the Court held that upon an indictment for retailing liquor without a license the State need not prove that the defendant did not have a license, as the burden of the defense that he did have one was upon the defendant.

It is difficult to reconcile the foregoing cases with those of *State v. May,* 1 Brev., 160, and *State v. Reynolds,* 2 Nott & McC., 365; they both involve the sufficiency of the indictments, and do not bear directly upon the question at issue now.   We, however, are better satisfied with the later decisions, which have been cited above.

The argument *ab inconvenienti* would also militate against a contrary rule.   If the State must anticipate every possible charge of an absconding husband against his deserted wife as a shield against the punishment of the law, and must negative all of them beyond a reasonable doubt, the field of investigation would be immeasurably extended, and the woman subjected to the painful ordeal of an inquest into her most delicate relations.   The law will not require her to anticipate the charge of infidelity, cruelty, desertion, neglect of domestic duties, or other frailties.   It is more consonant with common sense and justice that in his defense he should make the specific charges which she may answer.   This ruling is supported by an array of respectable authority: *Harris v. State,* 14 Ga. App., 574; 81 S. E., 815; *State v. Connor,* 142 N. C., 700; 55 S. E., 787; *People v. Montgomery,* 271 Ill., 580; 111 N. E., 578; *Gains v. State,* 149 Ala., 29; 43 South., 137; *People v. Boo Doo Hong,* 122 Cal., 606; 55 Pac., 402; *State v. Wilson,* 62 Kan., 621; 64 Pac., 23; 52 L. R. A., 679; *State v. Miller,* 182 Mo., 370; 81 S. W., 867; *State v. Zehnder,* 182 Mo. App., 176; 168 S. W., 666; *De Graff v. State,* 2 Okl. Cr., 519; 103 Pac., 538; *State v. Carlisle,* 30 S. D., 475; 139 N. W., 127; *State v. McCaffrey,* 69 Vt., 85; 37 Atl., 234; *Richardson v. State,*

77 Ark., 321; 91 S. W., 758; *Grant v. Watson* (N. J. Sup.) ; 31 Atl., 1040.

As to the second question: The sentence imposed was clearly beyond the provisions of the Statute.. The punishment provided therein is imprisonment for a term not exceeding one year or the imposition of a fine not exceeding $200. The punishment imposed by the sentence was imprisonment for a term of one year, to be suspended so long as the defendant shall pay to the Clerk of the Court $50 per month for the support of the wife and the child, and upon his giving bond in the sum of $300 for their support by making said monthly payments. There being no limit fixed to the monthly payments, they might continue for a period of many months, and then upon failure the defendant would be subject to the year's imprisonment, subjecting him to the payment of a much greater amount than the pecuniary alternative of $200, with the addition of the year's imprisonment. Besides, the sentence imposed is entirely inconsistent with the option of giving a bond provided for in the Statute, upon the execution of which he shall be relieved from imprisonment.

In the case of *State v. Davis,* 86 S. C., 208; 68 S. E., 532, it was held that, where the punishment for a crime was provided by the Statute in the alternative, fine or imprisonment, the defendant had no right to object that upon conviction the Court had fixed the punishment singly and not in the alternative; that that matter was for the determination of the presiding Judge in his discretion. We do not construe this decision into a mandate to the lower Court, in all cases, to exercise their discretion and fix the punishment singly; but are of opinion that the presiding Judge may exercise his discretion in fixing it either singly or in the alternative. Certainly in the case at bar this defendant cannot complain if it was fixed in the alternative.

But it does not follow that the invalidity of the sentence entitles the defendant to a new trial. The point is precisely

determined in the case of *State v. Baker,* 58 S. C., 111; 36 S. E., 501, where the principle is announced, supported by numerous cases cited, that an erroneous sentence only affects the sentence and will be reversed without granting a new trial.

"The error occurred after trial and conviction, and applied to the subsequent proceeding, to wit: The sentence only, and in reason, the remedy should extend only so far as the error extended."

See, also, *State v. Durham,* 89 S. C., 134; 71 S. E., 847.

The judgment of this Court is that the judgment of the Circuit Court, so far only as the sentence is concerned, be reversed, and that the case be remanded to that Court in order that the defendant may be resentenced in conformity with the provisions of Section 697 of the Criminal Code.