15327

STATE v. BARTON

(17 S. E. (2d), 561)

*Mr. Rufus Fant, Jr., Solicitor,* and *Mr. Leon W. Harris,* of Anderson, for appellant-respondent,

*Mr. A. H. Dagnall,* of Anderson, for respondent-appellant,

November 12, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE BAKER.

The defendant, Walter F. Barton, was indicted at the May, 1940, term of the Court of General Sessions for Anderson County for abandonment of and failure to supply the actual necessaries of life to his wife.

This case was transferred for trial before a Special Magistrate in said County. A trial of the case resulted in a verdict of guilty, and the defendant was duly sentenced. Upon the trial, and at the conclusion of the State's case, the defendant made a motion for a directed verdict of not guilty on grounds stated, which motion was refused. After conviction the defendant moved for a new trial, and this motion was likewise refused. The defendant then appealed to the Court of General Sessions.

Where an appeal is taken from the Court of Special Magistrate in Anderson County to the Circuit Court, only errors of law can be considered. Defendant was granted a new trial by the Court of General Sessions, and from such order both the State and the defendant have appealed, the State appealing alleging error in the granting of a new trial, the defendant for alleged error in not directing a verdict of not guilty, and in failing to hold that the Special Magistrate had erred in his charge to the jury, and in the admission of testimony.

The issues raised by the appeals are as follows: (1) Was the defendant entitled under the testimony, to a directed

verdict of not guilty? (2) Did the trial Court err in allowing the State to introduce in evidence, over the objection of defendant, testimony tending to show infidelity and immoral conduct on the part of defendant practiced outside of the home or family circle? (3) Has a wife, who for cause, has left the home provided for her, upon overtures by the husband to return thereto, the right to consider that offer in the light of all that has taken place in their married life, and is it a question for the jury as to whether she is justified in refusing to return? (4) Should a new trial have been granted because of the alleged failure of the jury to follow the instructions of the Court?

The defendant takes the position that he was entitled to a directed verdict of not guilty because his wife quit the home he provided for her on account of his infidelity, practiced a mile or more away from the home, and cites in support of this position the case of *Hair v. Hair*, 10 Rich. Eq. 163, 173, at page 177, 31 S. C. Eq., 163, where it is stated: "Adultery, of itself, though it is a ground for divorce in the ecclesiastical courts, is no ground for alimony in this State."

In *Levin v. Levin*, 68 S. C., 123, 125, 46 S. E., 945, 946, Mr. Justice Woods, in writing the opinion of the Court, said: " * * * the time has passed when assent can be given to the statement made in *Hair v. Hair*, 10 Rich. Eq., (163), 173: 'No words of reproach and insult amount to legal cruelty; no affront and indignity, no torture of the feelings and sensibilities, however severe and grievous to be borne, unaccompanied by bodily injury or a well-grounded apprehension of such, will authorize the wife to leave the bed and board of her husband, and to claim thereupon from this court a decree for alimony.' "

Further in the same case, on page 126 of 68 S. C., on page 946 of 46 S. E., we find the measuring stick to be: "(1) Has the defendant inflicted on the plaintiff such physical violence *or personal indignity* as would make her residence with him as a wife intolerable? [Italics added] * * *

(4) Does the defendant's invitations to the plaintiff to come to his home as his wife discharge him of any liability he may have incurred for her separate support?"

The testimony discloses that the defendant, over a period of years, had notoriously and openly, day and night, been going with another woman residing within the City of Anderson, within a distance of from one to two miles of his home and that of his wife; and to such extent that it is not contended for him that his relations with this woman were merely Platonic. We hold that under these circumstances there was such personal indignity inflicted upon the wife as would make her residence with him as a wife intolerable, since it created a condition under which no self-respecting woman could be expected to continue to live with her husband. Testimony tending to show the infidelity of the defendant, practiced within the vicinity of the home, was admissible for the purpose of showing that the prosecutrix had not left the "bed and board" of her husband without just cause; and tended to prove the constructive abandonment by defendant of his wife; that is, it was a circumstance to be considered along with other conduct on his part.

The defendant requested the Special Magistrate to charge the jury: "4. If the jury should find from the evidence that the defendant has sincerely tried to persuade his wife to return to his bed and board, and that he has offered her in good faith to provide her a suitable home, and the wife refuses to accept the invitation and elects to remain away from his home, then the jury should acquit the defendant."

The Special Magistrate charged this request, but added: "If a man makes an offer to a woman, she has the right to consider that offer in the light of all their married life; that is, in the light of all that has taken place between them; and it would be a question for you as to whether she had the right to refuse that offer in consideration of the past, as to the future."

There was no error in this charge. It did no more than call to the attention of the jury that the defendant must be sincere in trying to persuade his wife to return to him, and that his invitation was made in good faith.

At the request of the defendant, and despite the fact that over the objection of defendant testimony had been admitted tending to prove his infidelity, the Special Magistrate charged the jury: "5. The infidelity of the husband does not constitute desertion and abandonment on his part. The infidelity of the husband is not a legal excuse for the wife to desert his home, and if the wife deserts the home on account of the infidelity of the husband, he cannot be convicted of the criminal offense of non-support and desertion."

It is the contention of the defendant that the jury disregarded this instruction, and this being "the law of the case," a new trial should have been granted.

We cannot say to a certainty that the jury gave no heed to the law as charged. There was other testimony in the case from which the jury might have reached the conclusion that the defendant had abandoned the prosecutrix. On March 7, 1940, the day of the separation, and within a few hours after the wife had engaged in a personal encounter with "the other woman," she returned to her home where she had been living with her husband, at about 9:30 o'clock P. M., at which time it was raining and rather cold. Contrary to all custom, she found the doors and windows to the house locked, except the back door, and when she undertook to enter through this door, the defendant, who was at home, and had the lights burning therein, refused to allow her to enter the house, and told her he didn't ever want to see her again, in life or in death. She thereupon repaired to the home of her brother, where she has continued to reside.

While we have not found it necessary to discuss, except to a limited extent, the testimony in the record, we have carefully read same, and have kept it in mind in the preparation of this opinion.

It is the judgment of this Court that it was error to grant the defendant a new trial. The exceptions of the State are sustained, and those of the defendant are overruled.

MESSRS. ASSOCIATE JUSTICES FISHBURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.