15458

STATE v. BARTON

(22 S. E. (2d), 585)

*Mr. Rufus Fant,* Solicitor, and *Mr. Leon W. Harris,* both of Anderson, for the State, Appellant-Respondent,

*Mr. A. H. Dagnall,* of Anderson, Counsel for Respondent-Appellant,

November 2, 1942.

The Opinion of the Court was delivered by MR. ASSOCIATE JUSTICE STUKES:

The defendant in this case was convicted of nonsupport of his wife, having been indicted under Section 1123 of the Criminal Code of 1932 and the sentence was as follows: "The defendant Walter Barton is sentenced to serve six months on the public works of Anderson County, or to pay a fine of Six Hundred Dollars ($600.00). Provided, that if he shall give bond with one or more sureties approved by the Clerk of Court in the sum of One Thousand Dollars ($1,000.00), conditioned upon his payment to Mrs. Walter

Barton, his wife, of the sum of Thirty Dollars ($30.00) per month for her support and maintenance, the first payment to be made on the first day of February, 1941, and thereafter on the first day of each succeeding month, he shall not be imprisoned or the fine imposed until the condition of said bond is broken."

The conviction was affirmed on appeal to this Court, 198 S. C., 256, 17 S. E. (2d), 561. Upon remittitur to the lower Court, controversy arose as to the construction of the sentence and in this proceeding in habeas corpus, the Circuit Court held (1) that in order to suspend the execution of the sentence bond should be filed conditioned for the indefinite payment of $30.00 per month for the wife's support, until her or the defendant's death, and that (2) such monthly payments need not begin until December 1, 1941, the first of the month following the filing of the remittitur and the taking into custody of the defendant for the execution of the sentence.

From the ruling numbered (1) the defendant has appealed, contending that under the sentence the monthly payments need continue only for a period of six months or, at most, until $600.00, the amount of the alternative fine, in all be paid. From the ruling numbered (2) above the State appealed and contends that the monthly payments must relate to, and be made for the period beginning February 1, 1941, in accord with the terms of the quoted sentence.

Dealing first with defendant's appeal, we find that it is supported by the decision of this Court in *State v. Goins,* 122 S. C., 192, 115 S. E., 232 (which is directly in point and, therefore, controlling), wherein it was held that the condition of the bond, alternative to the penalty provided by the sentence, cannot require the aggregate payment of more than the amount of the fine imposed, in this case $600.00.

The solicitor has earnestly argued that *State v. Goins, supra,* was decided under a statute, then Section 697 of the

current Code, which has been amended and the instant conviction was under the amended statute. However, careful comparison of the statute, before and after amendment, does not disclose any change which affects the authority of *State v. Goins, supra.* The amendment was made by Act No. 98 of the Acts of 1925, 34 Stat., 143, which was entitled "An Act to amend Section 20 of Volume 2 of the Code of Laws of South Carolina, 1922, relating to the failure of husband to support wife and children, so as to increase the bond and the penalty."

In the disposition of the other question, that relating to the time of commencement of the monthly support payments, designated (2) above, we find no error. The case is subject in this respect to Section 1031 of the 1932 Code of Criminal Procedure which provides: "In criminal cases, service of notice of appeal in accordance with law, shall operate as a stay of the execution of the sentence, until the appeal is finally disposed of." Final disposition of the former appeal was effected by the filing of the remittitur in the lower Court of the decision of this Court; appellant had the right then to furnish the requisite bond and commence the monthly payments. The problem is within the principle of the cases set forth in the annotation in 3 A. L. R., 1572. See, also, *Ex parte Duckett,* 15 S. C., 210, 40 Am. Rep., 694.

Casual reading only of Act No. 305 of the Acts of 1935, 39 Stat., 431, urged by defendant, is necessary to determine that the sentence before us is not a "suspended" sentence within the terms of that law; it is merely in conformity with the statute under which defendant was prosecuted, Section 1123, Code of 1932.

It is noted that the beginning date of the monthly payments, guaranteed by the bond, will make no difference in the aggregate amount finally paid under its terms and the terms of the sentence; and further that non-support under the statute is a continuing offense and the

sentence and alternative bond relate only to violations of the statute prior to the indictment upon which the conviction was had. 27 Am. Jur., 39, 30 C. J., 1103.

The exceptions of the State are overruled as are defendant's numbered 1 and 4, but defendant's second and third exceptions are sustained; and the case is remanded for further proceedings consistent herewith.

Affirmed in part and reversed in part.

Mr. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES BAKER and FISHBURNE, and CIRCUIT JUDGE E. H. HENDERSON, ACTING ASSOCIATE JUSTICE, concur.