34428, 34432.  DENISON *v.* THE STATE (two cases).
34429, 34433.  DENISON *v.* THE STATE (two cases).
34430, 34434.  DENISON *v.* THE STATE (two cases).
34431, 34435.  BEASLEY *v.* THE STATE (two cases).

Decided January 14, 1953.

396

*Shelby Myrick, Frank B. Zeigler, Richard T. Cowan,* for plaintiffs in error.

*Andrew J. Ryan Jr., Solicitor-General, Sylvan A. Garfunkel, Thomas M. Johnson Jr.,* contra.

CARLISLE, J. By the terms of Code § 45-320, "Any person who shall hunt upon the lands of another with or without a license, without first having obtained permission from such landowner, shall be guilty of a misdemeanor." Count 1 of accu-

sation No. 2692 and count 2 of accusation No. 2800 are drawn under the provisions of that Code section.

"When one is on trial for violation of a statute which contains an exception or proviso covering circumstances that may render legal an act which as a rule is unlawful, the burden is upon him to bring himself within the exception or proviso, but in all criminal trials the burden is upon the State to prove every allegation which is material to constitute an essential element of the offense." *Harris* v. *State,* 14 *Ga. App.* 574 (81 S. E. 815). Under Code § 45-320 and the counts indicated, absence of the landowner's consent is an essential element of the offense of hunting on the lands of another. The lands here in question belong to Mrs. Nell Ford Torrey, and while there was evidence that her son and agent, William Ford Torrey, had not given the defendants consent to hunt upon the premises, there was no evidence that he had exclusive power in the premises, or that Mrs. Torrey had not given her consent to the defendants. Therefore, under such a state of the record, the evidence was insufficient to overcome the presumption of innocence of the defendants or to authorize a verdict of guilty upon those two counts of the accusations. *Harris* v. *State,* supra. This being so, and the jury having returned a general verdict of guilty of both counts under both accusations, both verdicts were without evidence to support them (*Morse* v. *State,* 10 *Ga. App.* 61, 72 S. E. 534; *Simmons* v. *State,* 162 *Ga.* 316, 134 S. E. 54), and the trial court erred in overruling each of the several motions for new trials.

In view of the ruling made above and the likelihood that the other errors assigned will not recur on another trial, the special grounds of the motions for new trial are not considered.

*Judgments reversed. Gardner, P.J., and Townsend, J., concur.*