40

18266

The STATE v. Bill PETTY and J. W. Addison, Appellants
(138 S. E. (2d) 643)

*Messrs. Whiteside & Pruitt,* of Spartanburg, *for Appellants,*

*Messrs. John H. Nolen, Solicitor,* and *Claude A. Taylor, Jr., Assistant Solicitor,* of Spartanburg, *for Respondent,*

October 28, 1964.

BRAILSFORD, Justice.

The defendants were convicted on an indictment charging them with having violated Section 16-550, Code of 1962, by conspiring to violate Section 16-515, ibid., which latter section prohibits various types of betting, pool selling and bookmaking. Upon their conviction, the defendants were sentenced by the court to fine *and* imprisonment, with the provision, as to each defendant, that after the service of a portion of his time and payment of a portion of his fine, the balance should be suspended and he placed on probation for a term of five years. The defendants do not appeal from their conviction. They challenge the legality of the sentences imposed by the court, upon the ground that the conspiracy statute does not authorize a sentence by fine *and* imprisonment. This statute, Section 16-550, Code of 1962, defines the crime of conspiracy and provides that any person found guilty thereof shall be punished by a fine of not more than $5,000.00 *or* by imprisonment for not more than five years. After thus providing for a sentence in the alternative, the statute imposes the further limitation that the punishment shall not exceed that which could have been imposed had the defendant been convicted of the substantive offence contemplated by the conspiracy.

It has long been settled in this jurisdiction that when a statute provides for punishment in the alternative, that is, by fine or imprisonment, the court has the discretion to fix either singly or by giving the defendant the choice of fine or imprisonment. *State v. Davis,* 86 S. C. 208, 68 S. E. 532; *State v. Goins,* 122 S. C. 192, 115 S. E.

232. However, a sentence to both fine and imprisonment exceeds the bounds of such a statute and is illegal. 24B C. J. S., Criminal Law, § 1982, 15 Am. Jur., Criminal Law, Section 459.

We find no merit in the State's contention that these sentences may be sustained under Code Sections 55-591 and 55-593, vesting discretion in the court in fixing the conditions on which a defendant may be released on probation, including the right to require the payment of fine. The illegality in these sentences is in their conflict with the conspiracy statute which does not authorize punishment by fine and imprisonment.

In the case of an illegal sentence, the well settled practice in this jurisdiction is to affirm the conviction but set aside the sentence and remand the case to the trial court for the purpose of resentencing the defendant. *State v. Gregory,* 198 S. C. 98, 16 S. E. (2d) 532, and cases therein cited.

The judgment of the circuit court, so far only as the sentences are concerned, is reversed, and the case is remanded to that court for the purpose of resentencing the defendants in conformity with Section 16-550, Code of 1962.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.