19741

The STATE, Appellant, v. Love Otis MARTIN, Respondent

(201 S. E. (2d) 379)

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *James C. Harrison, Jr., Asst. Atty. Gen.,* of Columbia, *for Appellant.*

*Respondent represents himself.*

December 12, 1973.

BRAILSFORD, Justice:

This is an appeal by the State from an order of the circuit court setting aside a sentence imposed upon the defendant in a magistrate's court, upon the ground that the sentence exceeded the limitation on the jurisdiction of such courts provided by the Constitution of this State.

The transcript of record contains the title of the case, the index, the statement, the order appealed from, an exception and finally, a so-called agreement signed only by counsel for the State. It is stated in the body of the "agreement" that the respondent made no response after being personally served with the case and exceptions, hence, appellant "considers the respondent to have agreed to the case."

Rule 1 of the rules of this Court provides that the case *as agreed upon or settled* shall constitute the return for appeal. Rule 4, Section 1 requires that the return filed in this Court shall contain the agreement of counsel or the order of the trial judge settling the case. The defendant not being before the Court in person or by counsel and no return as agreed upon or settled having been filed as required by said rules, and no proof of setlement under Rule 4, Section 7, having been presented, the appeal is not properly before us.

The issue sought to be raised involves the constitutional jurisdiction of a magistrate in criminal cases under former Article V, Section 21 of the South Carolina Constitution. A decision of the question, on which the members of the Court are divided, would be of no value as a precedent because the

recently adopted Judicial Article contains no similar jurisdictional limitation. The effect of Article I, Section 17 of the Constitution upon the issue has not been argued by appellant.

Appeal dismissed.

LEWIS and BUSSEY, JJ., concur.

Moss, C. J., concurs in result.

LITTLEJOHN, J., dissents.

LITTLEJOHN, Justice (dissenting):

I respectfully dissent and would reverse the order of the circuit court.

The respondent, Love Otis Martin, was tried and convicted of petit larceny of a pistol in violation of § 16-353 of the 1962 Code of Laws of South Carolina. This section provides that the offense "shall be a misdemeanor and considered a petit larceny and be punished by imprisonment in the county jail for not more than thirty days or by fine of not more than one hundred dollars." After Martin was found guilty, he was sentenced to serve thirty days in the Marion County Jail. No alternative sentence was imposed.

Thereafter, the circuit judge issued an order, from which this appeal is taken, voiding the sentence and remanding the case to the magistrate for resentencing to an alternative sentence. The State has appealed.

The question involved is set forth in the appellant's exception as follows:

"That the Lower Court erred in ordering the magistrate to re-sentence the defendant to an alternative fine or jail sentence in lieu of a sentence of imprisonment only; the error being that magistrates are empowered to impose sentences of imprisonment without giving the alternative of paying a fine."

## THE TECHNICALITY

I am of the opinion that the appellant has sufficiently complied with all the rules of this Court to justify and require our consideration of the appeal on its merits. Rule 1, Section 1, states that "(f) or the purpose of an appeal the case containing exceptions, *as agreed upon or settled,* shall constitute the Return for this Court." (Emphasis added.) It also requires that the Transcript of Record contain "agreement of counsel on preparation of Case containing Exceptions, or order of trial judge settling the case." Rule 4, Section 7, provides, "When the appellant shall serve a proposed case . . . the respondent shall, within ten days thereafter, serve upon appellant any proposed amendment thereto . . .; and on failure to do so, he shall be deemed to have agreed to the proposed case."

The transcript filed in this Court, and in my view properly received and docketed by the clerk, contained the following statement:

"The Notice proposing Case and Exceptions with Case and Exceptions attached were personally served upon respondent near Marion, South Carolina, on December 2, 1972. However, no Notice of Disallowance or Motion to appear before the trial judge for settlement of the case was received by the appellant within the period set forth in Section 7-406, 1962 Code of Laws of South Carolina and in Rule 7 of the Supreme Court Rules. Appellant therefore considers the respondent to have agreed to the case."

Since Martin ignored service of the proposed case and exceptions, appellant's counsel could not supply an agreed statement. Since the statement as proposed was not contested, there was no reason for an order of the judge settling the case.

The majority opinion would apparently dismiss the appeal on the technical ground that the affidavit of service was not printed in the transcript. I am not at all sure that such

is required because the statement of the office of the Attorney General or of any officer of the court should be sufficient, but if such is required the same has now been filed with this Court, which is in keeping with the spirit if not the letter of the Supreme Court Rule 2, which reads as follows:

"The Court may, upon motion of either party or of its own motion, require copies of all or any part of the record or testimony which was before the Court below to be sent up for its inspection and consideration, and it may likewise require a report of the trial, or of any matter relative thereto, to be made by the trial Judge."

## THE MERITS

The circuit court order reads in part as follows:

"Under the Constitution of this State and under the statutory laws of this State a magistrate has no authority to sentence a defendant convicted in the Magistrate's Court without giving the alternative of paying a fine in lieu of the service of a sentence."

In my view this is an erroneous statement of the law. See *State v. Davis,* 86 S. C. 208, 68 S. E. 532 (1910); *State v. Goins,* 122 S. C. 192, 115 S. E. 232 (1922); *State v. Phillips,* 193 S. C. 273, 8 S. E. (2d) 626 (1940); *State v. Brandon,* 210 S. C. 495, 43 S. E. (2d) 449 (1947); *State v. Weinberg,* 229 S. C. 286, 92 S. E. (2d) 842 (1956). Neither the constitution nor the statutes require a magistrate in South Carolina to impose a sentence in the alternative. Article V, § 21 of the South Carolina Constitution provides as follows:

"They (Magistrates) shall have exclusive jurisdiction in such criminal cases as the General Assembly may prescribe: Provided, further, such jurisdiction shall not extend to cases where the punishment exceeds a fine of two hundred dollars or imprisonment for thirty days."

Section 43-63 of the 1962 Code of Laws of South Carolina provides as follows:

"Magistrates shall have jurisdiction of all offenses which may be subject to the penalties of either fine or forfeiture not exceeding one hundred dollars or imprisonment in the jail or workhouse not exceeding thirty days and may impose any sentence within those limits, *singly or in the alternative.*" (Emphasis added.)

It is common knowledge that the Attorney General of this State has consistently advised magistrates and others that a sentence in the alternative is not required. See 1957 Ops. Att'y Gen., April 12, 1957, p. 197; 1965-66 Ops. Att'y Gen., April 11, 1966, p. 81; 1966-67 Ops. Att'y Gen., June 29, 1967, p. 109. It is also common knowledge that since the Constitution of 1895, magistrates have governed themselves accordingly.

A dismissal of the appeal leaves a circuit judge's order in effect as a precedent. In my view it is an erroneous directive and magistrates should not be influenced by it in the imposition of sentences hereafter.

When the offense involved was committed, Article V, § 21 of the South Carolina Constitution was in effect. The fact that a new Constitution Article V has been adopted since that time is of no consequence. Independent of the Constitutional provision, the statute quoted hereinabove is still controlling under either Constitutional provision. The lower court based its order on both the Constitution and the statutory law. This being true, I do not agree that a decision on the question would be of no value as a precedent. The State is just as much entitled to have an error at the circuit level corrected as is a defendant. Article I, § 17 of the Constitution, referred to in the majority opinion, is obviously inapplicable and was apparently not argued for that reason.

I would reverse the order of the lower court.