## 7923

### STATE v. SUBER.

1. WAIVER—VIEWING PLACE.—Where the record shows that the defendant's attorney was not notified that the Judge would not accompany the jury in viewing the place of crime, but it does not appear that he was not aware of such fact before verdict, is the right to make the point that he should have accompanied the jury on motion for new trial waived?

2. VIEWING PLACE.—In a constitutional sense viewing the premises by the jury is not taking testimony; the prisoner is not thereby deprived of the right to confront or cross-examine any witness in the case, and it cannot reasonably be expected that the prisoner's rights would in any respect be prejudiced by the absence of the Judge if the jury merely inspected the locality.

Before W. T. AYCOCK, Special Judge, Richland, Spring term, 1911.   Affirmed.

Indictment against Nannie Lee Suber for murder of Hattie Suber.   Defendant appeals.

*Mr. Frank G. Tomkins,* for appellant, cites: Code 1902, 2950; 79 S. C. 175; 61 S. C. 22; 1 Green. 33-4; 12 Cyc. 537; 28 L. R. A. 40; 74 Cal. 570; 78 Ky. 643; 58 Miss. 386; 84 Wis. 188-9; 134 Mass. 503; 10 Ind. 561; 123 Ill. 195; 24 La. Ann. 46-7; 5 L. R. A. 776; 3 Parker, Cr. L. 25.

*Solicitor W. Hampton Cobb,* contra, cites: 1 Bish. New Cr. Proc. 965; 79 S. C. 174; 83 S. C. 82.

May 30, 1911.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   The defendant was indicted for murder, and found guilty with a recommendation to mercy.

From the sentence imposed upon her, she appealed to this Court.

The exceptions raise the question, whether there was error, on the part of his Honor, the presiding Judge, in refusing the motion for a new trial, made on the ground, that the presiding Judge, did not accompany the jury, when it was sent by him, to view the place, where the homicide was committed.

There is, however, a preliminary question, to wit, whether the appellant waived the right, to raise this question, by failing to interpose such objection, before the verdict was rendered.

It is true, the record states, that the defendant's counsel was not notified, that the presiding Judge would not accompany the jury, when the premises were viewed, but it does not appear, that the appellant's attorney was not aware of such fact, until the rendition of the verdict. If the appellant's attorney had knowledge of this fact, before the verdice was rendered, then the case comes within the principle announced, in *State* v. *Ballew,* 83 S. C. 82. In that case the jury, while inspecting the locality, made certain experiments in the presence of the defendant's attorney, who failed to inform the Court of such fact, until he made a motion for a new trial. In refusing the motion for a new trial the Court said:

"The defendants, with full knowledge of the misconduct of the jury, having chosen not to complain to the Court, but rather to take the risk of a verdict in their favor, could not afterwards, because the verdict was against them, have a new trial on this ground. The general principle, that a party cannot take his chances of a successful issue, reserving vices in the trial, of which he has notice, for use in case of disappointment, is universally recognized and obviously just."

But waiving this objection, the exceptions cannot be sustained.

Section 2950 of the Code of Laws provides, that "the jury in any case, may, at the request of either party, be

taken to view the place or premises in question, or any property, matter, or thing pertaining to the controversy between the parties, when it appears to the Court, that such view is necessary to a just decision," etc.

Section 18, art. I, of the Constitution, is as follows: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury, and to be fully informed, of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor; and to be fully heard in his defense, by himself or by his counsel or by both."

The presiding Judge had the discretionary power, not only under the statute, but at common law, to order the jury to view the premises.

"The Court in its discretion may authorize the jury, properly attended, to go and examine—that is, view—the place of the offense, as a help to understanding the evidence. It was formerly supposed that, in a criminal case, this could be only by mutual consent. But the modern practice leaves it wholly, within the discretion of the Court. It may be at any appropriate stage of the trial; in one case, the jury asked it after the Judge had summed up the evidence, and it was granted. It is the defendant's right to be present if evidence is given, perhaps at all events; but he may waive this right, either expressly or by the implication of declining, or even not asking to go. The Court, in granting or refusing the view, will be governed mainly by the special circumstances; and in granting it, will take the proper steps, for the care of the jury." 1 Bishop's New Criminal Procedure, 965.

*State* v. *Ballew*, 83 S. C. 82 (reported in 18 A. & E. Ann. Cases 569).

*Rodgers* v. *Hodge*, 83 S. C. 569 (reported in 18 A. & E. Ann. Cases 729).

"The cases are divided upon the question, whether the purpose of the view is to furnish new evidence, or, to enable the jurors to comprehend more clearly, by the aid of visible objects, the evidence already received. The latter proposition is well sustained, and seems more consistent with the conservative theories, on which the rules of procedure and jury trials are based; but the contrary theory, holding that the purpose of a view is to supply evidence, is supported by good authorities."    12 Cyc. 537; 11 Enc. of Law 540.

"Concerning a view of the premises made by the jury, in the absence of the Judge and the defendant, there is great diversity of opinion found in the decided cases, based upon different grounds. It is held by high authority, that the Judge and officers of the Court, as well as the defendant, must be present; that a view is taking testimony in the case, and, when made in the absence of the defendant, is in violation of his constitutional right, of being confronted by the witnesses against him; and that such right cannot be waived. Other authorities, of equal high standing, and with greater force of reasoning, hold that the right of the defendant to be present, with or without the presence of the Judge and Court officers, if such right exists, is statutory and not constitutional, and may be waived; that the defendant in a criminal case, who asks the benefit of the provisions of a statute, must take the benefit, just as the statute gives it; that the view is not taking evidence in the case, and is not intended to be so, but simply to enable the jury, the better to understand the testimony given in Court; that whatever the nature of the rights of the defendant may be, in such case, and from whatever source, such rights may be derived, he may, and does waive the same, when the action of the Court is taken, and the view made on his request, and without suggestion that he desires to be present at the view; and that in such case, it is too late to complain after verdict." *State* v. *Hartley* (Nev.), 28 L. R. A. 33.

This language is quoted with approval, in *Elias* v. *Territory,* 11 A. & E. Ann. Cases 1153. The principle is thus stated by Mr. Justice Brewer, in construing a similar statutory provision, in the case of *State* v. *Adams,* 20 Kan. 311. "This means, that the place of trial is unchanged, and that the jury, and the jury only, are temporarily removed therefrom. Just as when the case is finally submitted to the jury, and they 'retire for deliberation,' there is simply a temporary removal of the jury. The place of trial is unchanged. And whether the jury retire to the next room, or are taken to a building many blocks away, the effect is the same. In contemplation of law, the place of trial is not changed. The Judge, the clerk, the officers, the records, the parties, and all that go to make up the organization of the Court, remain in the court room. The jury retired to discharge one duty, connected with the trial, and yet, though absent while discharging that duty, inasmuch as it is done under the direction of the Court, and while in charge of an officer appointed by the Court, they are in legal contemplation in the presence of the Court. Though the defendant may not go with them, into their place of retirement, he is nevertheless personally present during that portion, as well as the rest of the trial."

In construing a statute of Utah, providing that the presiding Judge should have the power, to order the jury to view locality, the Court used this language, in the case of *State* v. *Mortensen,* 73 Pacific Rep. 562.

"Nor does this provision of the statute, conflict with section 4811, Rev. St., which provides, that the accused must be personally present at the trial. This does not mean, that the defendant must, all the time, be in the actual presence of the jury, but rather that he must be at the trial in Court, and in its presence. The Court is the real thing, fixed and permanent. The jury is but a temporary adjunct, for a partial purpose of the trial. For the defendant, then, to be personally present at the trial, he must be in the presence

of the Court, and thus the two sections are not repugnant to each other. Nor is such a view as is authorized by the statute, and, as the one had in this case, where the prisoner had an opportunity to be present, inhibited by the Constitution. The provisions in that instrument, which guaranty the accused, in a criminal action, the right to 'appear and defend in person and by counsel,' and 'to be confronted by the witnesses against him,' were designed to protect every person accused of crime, against judgment of condemnation without a hearing in open Court, or by secret trial. The latter provision has reference to the persons or individuals, who may testify against the accused, and not to inanimate objects, although they be objects, which, when viewed in the light of the testimony of living witnesses, may give rise to inferences, and make human understanding more clear and perfect. The statute which authorizes the view, was doubtless designed to aid such understanding, through the power of perception and of comparison, that is, by giving the jury an opportunity to compare the objects, which the testimony had pictured in their minds, with the real things, as, they might perceive them upon the premises, and thus to enable the jurors, to draw just and proper inferences, from the testimony of the witnesses."

Mr. Greenleaf, in his admirable work on the Law of Evidence, in volume I, page 1620, subd. 4, observed: "Does the hearsay rule—i. e., as involving the right of cross-examination, and incidentally of confrontation, of witnesses—require that in criminal cases (where the constitution secures the right, and therefore overrides any statutes regulating views), the defendant should be present at a view? The requirements of confrontation implies merely, that the party shall have the opportunity of cross-examining witnesses, and a view by the jury is not the confrontation of witnesses, but merely the inspection of the thing itself, which is the subject of the controversy; so that the constitutional principle cannot properly apply to render improper a

view at which the accused is not present.　This is the result reached by the better judicial opinion; but there are courts which take the contrary view."

The principles we deduce from the authorities are: (1). that in a constitutional sense, the viewing of the premises by the jury is not the taking of testimony; (2) that the prisoner is not thereby deprived of the right to confront or cross-examine any witness in the case, and (3) that it cannot reasonably be supposed that the prisoner's rights would in any respect be prejudiced by the absence of the Judge, if the jury merely inspected the locality.　Of course, if the orders of the presiding Judge are disobeyed to the prejudice of the defendant, the Court would take such steps as would be deemed necessary to protect his rights.

Appeal dismissed.