11270

STATE v. COLLINS ET AL.

(118 S. E. 423)

1. CRIMINAL LAW—ALLOWING JURY TO VIEW PREMISES IN ABSENCE OF DEFENDANT AND JUDGE HELD NOT ERROR.—Allowing the jury to view and examine the premises, where the arson was alleged to have been committed, in the absence of the defendant and the presiding judge, *held* not error.

2. ARSON—SENTENCE OF 15 YEARS ENTERED ON VERDICT OF GUILTY WITH RECOMMENDATION FOR MERCY HELD ILLEGAL.—A sentence of 15 year's imprisonment entered on a verdict of guilty of arson with recommendation for mercy, held illegal, under Cr. Code, 1912, § 103, and Section 174, as amended by Act March 11, 1915 (29 St. at Large, p. 193).

3. CRIMINAL LAW—SENTENCE BEING ILLEGAL AND CONVICTION LEGAL, CASE REMANDED FOR LEGAL SENTENCE.—Where the sentence is illegal but the conviction is legal, the conviction may be sustained, and the case remanded for a legal sentence.

---

NOTE: On modification of judgment and remanding for proper sentence see notes in 45 L. R. A., 155 and 51 L. R. A. (N. S.), 386.

As to presence of accused or of Judge at view by jury of premises where crime was committed see notes in 42 L. R. A., 374 and 381.

Before Memminger, J., Orangeburg, September, 1922. Affirmed.

William J. Collins and others were convicted of arson and appeal.

*Messrs, Wolfe & Berry, T. M. Raysor,* and *W. B. Martin,* for appellants, cite: *In felony case accused must be present at every stage:* Bish. Crim. Proc., Sec., 273; Wharton's Crim. Pl. & Pr., Secs., 132, 341; 28 Am. Dec., 629; 116 S. C., 246; 17 Cyc., 523; 16 C. J., 813. *Viewing premises constitutes taking testimony:* 8 R. C. L., 92; 30 Am. Rep., 782; 40 Cyc., 205; 73 N. Y. Supp., 199. *Judge must be present:* 12 Cyc. 522; 16 C. J. 812, 826. *Accused can waive being present:* 42 L. R. A., 368.

*Mr. A. J. Hydrick, Solicitor,* and *Ed. C. Mann,* for the State.

July 16, 1923.

The opinion of the Court was delivered by Mr. Justice Cothran.

The appellants were convicted in the Court of General Sessions at Orangeburg, September, 1922, of arson. The verdict carried a recommendation to the mercy of the Court, and the defendants were sentenced to imprisonment for 15 years each.

The appeal raises but two questions:

1. Was there error in allowing the jury to view and examine the premises where the arson was alleged to have been committed in the absence of the defendants and the presiding judge?

2. Was there error in imposing the sentence of 15 years' imprisonment?

As to the first question: This question is so fully and ably discussed by the present Chief Justice in the case of *State v. Suber,* 89 S. C., 100; 71 S. E., 466, that it is only necessary to refer to that case to show that this ground of appeal is without merit.

As to the second question: Section 174 of the Criminal Code of 1912 provides that, where the verdict of guilty under an indictment for arson is accompanied by a recommendation to the mercy of the Court, the punishment shall be imprisonment for a term not less than 10 years. This Section was amended by the Act of 1915 (29 Stat. 193), providing that the punishment under these circumstances shall be "imprisonment in the county jail or at hard labor in the penitentiary or on the public highways in the discretion of the Court."

The amendment appears to have been overlooked by the presiding judge and by the attorneys engaged in the case; the presiding judge acting upon the section as it formerly stood, expressly limiting the exercise of his discretion, as he announced:

"You have it in your power to recommend them to the mercy of the Court, and then the Court has it in his discretion to impose a sentence, but not less than ten years."

The effect of the amendment of 1915 is to place the matter of punishment under the regulations of Section 103 of the Criminal Code, in the discretion of the Court, for a period not less than three months nor more than ten years.

The sentence being illegal and the conviction subject to no legal objection, the conviction may be sustained, and the case remanded for a legal sentence. *State v. Baker,* 58 S. C., 111; 36 S. E., 501. *State v. Durham,* 89 S. C., 134; 71 S. E., 847. *State v. Goins* (S. C.), 115 S. E., 232.

The judgment of this Court is that the judgment of the Circuit Court be affirmed, and that the case be remanded to that Court for the purpose of resentencing the defendants in accordance with the requirements of law.