11755

### STATE v. SIMMS

#### (127 S. E., 840)

1. CRIMINAL LAW—COURT'S CONSIDERATION OF INFORMATION RECEIVED IN CHAMBERS IN ABSENCE OF DEFENDANT IN FIXING SENTENCE HELD VIOLATION OF DEFENDANT'S CONSTITUTIONAL RIGHTS.—It is a violation of defendant's rights under Const. Art. 1, § 18, for Court in determining sentence to consider information concerning defendant received in chambers and in absence of defendant or his counsel.

2. CRIMINAL LAW—ERROR IN CONSIDERING IMPROPER TESTIMONY IN DETERMINING SENTENCE DOES NOT REQUIRE NEW TRIAL.—Error of Court in considering information received in chambers in defendant's absence in determining sentence after verdict of guilty is not ground for new trial, but requires only that sentence be set aside and case remanded for resentence.

Before DENNIS, J., Greenville, January, 1925. Reversed and remanded for resentence.

Colonel Simms was indicted for violating the prohibition law and upon conviction appeals.

*Messrs. Dean, Cothran & Wyche,* for appellant, cite: *Judge improperly listened to statements as to defendants character, after conviction, in absence of defendant:* 123 S. E., 201; Art. 1, Sec. 18, Const. S. C., 1895.

*Messrs. J. G. Leatherwood, Solicitor,* and *D. W. Smoak, Solicitor,* for the State.

April 30, 1925.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

These facts are stated in the record: The defendant was tried and convicted on January 25, 1924, in the Court of General Sessions for Greenville County, upon the third count of an indictment charging him with violating the prohibition law, and sentenced to four months' imprisonment, and to pay a fine of $500. The testimony by the State tended to prove that the defendant had a five-gallon jug of whisky in his barn, and that after the officers arrived the defendant went to the barn and broke the vessel. The defendant submitted testimony which tended to prove that the whiskey was there in the possession of his negro employee, without defendant's knowledge or consent, and that the negro broke it and escaped through a window in the loft of the building. After the verdict the attorney for the defendant made an earnest plea for mercy, stating that the defendant was a farmer with a wife and one small baby, and had never been convicted of a violation of the law of the land before, during his life.

The judge, in sentencing the defendant, used the following language:

"Mr. Simms, you must be a bad man. A number of people from your community have been to see me at my office about you, and they have all spoken against you. I have been impressed with the fact that no one has come to see me to speak a good word in your behalf."

The defendant thereafter, within the time provided by law, gave due notice of intention to appeal.

The exceptions are as follows:

"(1) The Court erred in permitting citizens to give testimony against the defendant at chambers and in the absence of defendant and in violation of defendant's right to be confronted with witnesses against him under Article 1, Section 18, of the Constitution of South Carolina, as is shown by the language of the Court in sentencing the defendant, which was as follows: [Already quoted.]"

28—S. C. R.—131

"(2) The Court erred in allowing citizens to come into his office and discuss the case with him in the absence of the defendant or his counsel, as is shown by the following language used by the presiding Judge in sentencing the defendant: [Already quoted.]"

"Specification: Where the liberty of a defendant is concerned, and he is to be tried, he has a right that everything appertaining to the case, in any way of evidence affecting the case, be in open Court."

The case of *State v. Harvey,* 123 S. E., 201, shows that there was error on the part of his Honor, the Circuit Judge.

In delivering the opinion of this Court Mr. Justice Watts used this language:

"Judge Bowman did not understand the facts of the case and called for information before passing sentence, as he had a right to do; but that information should have been obtained in open Court or in the presence of the defendant or his counsel.

"Judge Bowman was in error in carrying the solicitor and Haas into his room and discussing the case with them, in the absence of the defendant or his counsel.

"Where the liberty of a defendant is concerned, and he is to be sentenced by the judge, he has a right that everything appertaining to the case, in the way of evidence affecting the case, be open and above board and public, as under the rules of Court, when a party pleads guilty to an indictment, he can only introduce affidavits in mitigation of sentence."

The following authorities show, however, that as the error took place after the jury had rendered its verdict, there should not be a new trial, but the sentence should be set aside and the case remanded for a resentence: *State v. Trezevant,* 20 S. C., 363; 47 Am. Rep., 840. *State v. Jefcoat,* 20 S. C., 383. *State v. Baker,* 58 S. C., 111; 36 S. E., 501. *State v. Durham,* 89 S. C., 134; 71 S. E., 847. *State v. Goins,* 122 S. C., 192; 115 S. E.,

232. *State v. Collins,* 125 S. C., 267; 118 S. E., 423. *State v. Edwards,* 127 S. C., 116; 120 S. E., 490.

It is the judgment of this Court that the sentence be set aside and that the case be remanded to the Circuit Court for the purpose of a resentence.

MESSRS. JUSTICES WATTS, FRASER and MARION, and MR. ACTING ASSOCIATE JUSTICE JAS. W. JOHNSON concur.

MR. JUSTICE COTHRAN did not participate.