18458

The STATE, Respondent, v. Robert Wayne GAMBLE, Appellant.

(146 S. E. (2d) 709)

*Messrs. William H. Seals,* of Marion, and *Thomas E. Rogers,* of Florence, *for Appellant,*

*Richard G. Dusenbury, Esq., Solicitor,* of Florence, *for Respondent,*

February 10, 1966.

Moss, Justice.

The Grand Jury of Marion County, at the 1963 October term of the Court of General Sessions, indicted Robert Wayne Gamble, the appellant herein, and charged him with (1) rape, (2) assault with intent to ravish, and (3) burglary. The indictment alleged that the crimes took place in Marion County, South Carolina, on October 15, 1963. The appellant being without counsel, the court appointed attorneys to represent him. Upon motion duly made and heard in Marion County, a change of venue was granted to Florence County.

This case came on for trial at the 1964 March term of the Florence County Court of General Sessions. The appellant made a motion to require the State to elect on which of the three counts in the indictment it would go. to trial. This motion was granted and the State elected to go to trial upon the charge of rape, being the first count in the indictment. The appellant was convicted of rape and sentenced to death. Sections 16-71, 16-72 of the 1962 Code of Laws of South Carolina. Following the conviction a motion for a new trial was made, heard and denied. Timely notice of intention to appeal to this Court was given.

Since this is a capital case, it is our duty *in favorem vitae* to examine the entire record to determine whether there were any errors in the trial below affecting the substantial rights of the appellant, even though such errors may not be sufficiently covered by the exceptions.

The appellant asserts that the Trial Judge committed error in refusing to order a new trial on the ground that the Solicitor, in his argument to the jury, made statements that were improper and prejudicial. We have held in a number of cases that one who seeks a new trial because of unfair, improper or prejudicial argument on the part of the prosecuting attorney should show (1) timely objection was interposed to the argument; (2) the substance at least of the objectionable language; (3) the failure of the court to sufficiently warn the jury not to consider the improper argument; and (4) that the result was to materially prejudice the right of the appellant to obtain a fair and impartial trial. *State v. Robinson,* 238 S. C. 140, 119 S. E. (2d) 671. We are precluded in this case from considering the exceptions charging that improper argument was made to the jury by the Solicitor because the record does not support the charge made.

It appears from the evidence that the prosecutrix, a white woman, 69 years of age at the time of the trial, was a widow and lived with her maiden sister in the Scotch community of

Marion County. The prosecutrix went to her bedroom at about 8:30 P. M. on the night of October 15, 1963. When she entered her bedroom she found a negro man behind the door and upon seeing him she screamed and her maiden sister immediately came to the room. The testimony is conclusive that this negro man remained in the bedroom or house all night. The prosecutrix said that she was raped three times during the night and twice the next morning. When the negro man left the home of the prosecutrix on the morning of October 16, 1963, he had $304.00 or $305.00 of her money. Immediately these elderly women went to the home of a sister who lived nearby. A physician was summoned. A subsequent examination of the prosecuting witness showed bruised areas in the vagina and fluid taken therefrom contained male human sperms. The evidence is conclusive that the prosecuting witness had been raped by a negro man.

The record shows that law enforcement officers were also summoned and a description of the prosecuting witness's assailant was furnished. Thereafter, about midday on Friday, October 18, 1963, the appellant was apprehended while running down a ditch or canal near the town of Mullins, about three miles from the home of the prosecutrix. At the time of his arrest he only had on a pair of shorts and a t-shirt and was barefooted.

Immediately following the arrest of the appellant he was taken to the Marion County jail. He was questioned very little on Friday afternoon and Saturday morning. He made no admissions as to any attack upon the prosecutrix or knowledge thereabout. It appears that on Saturday afternoon, October 19, 1963, that a billfold containing $304.00 in currency and cards, including a social security card having the appellant's name thereon, was found in the canal or ditch where the appellant was arrested. The billfold, with its contents, was turned over to the law enforcement officers.

A deputy sheriff testified that after he received the aforesaid billfold that he went to the cell where the appellant was

confined and confronted him with it. He said that the appellant freely and voluntarily admitted that it was his billfold and that "we had everything". He further testified that the appellant admitted that he entered the home of the prosecutrix on the night in question and attacked her and stayed in the house with her and her sister until the following day, at which time he received the money contained in the billfold from the prosecutrix and then left the house. This witness also testified that the appellant was advised of his rights prior to making the confession at the time he was confronted with the billfold.

After the oral confession was made on Saturday, October 19, 1963, the appellant, on the next day, was taken to the South Carolina Law Enforcement Headquarters in Columbia, where he made a detailed confession which was reduced to writing and signed by him. A copy of such confession was given to the appellant and receipted for by him, in conformity with Sections 1-65 and 26-7.1 and 26-7.2 of the 1962 Code.

The appellant alleges that the Trial Judge erred in allowing the introduction of his confession because (1) it was not freely and voluntarily given; (2) that he was not advised that he could consult with counsel; (3) that the confession was not in the words of the appellant but was in the words of his interrogators; and (4) that so much of the confession as admitted the commission of other crimes, which were not pertinent to the charge of rape, should not have been admitted in evidence.

The question of whether a confession is voluntary is one which is addressed to the court in the first instance. If there is an issue of fact as to the voluntariness of a confession, it should be admitted and the jury under proper instructions allowed to make the ultimate determination as to its voluntary character and also its truthfulness. A confession is not admissible unless it is voluntary. It necessarily follows that the burden rests upon the State

to show that it was voluntary and there is no presumption of law that it was. The mere fact that a confession is made while the accused is in custody does not render it inadmissible. However, the conduct of the officer obtaining the confession will be rigidly scrutinized, and the fact that it is made while the accused is under arrest is a circumstance along with the other facts and circumstances to be taken into consideration by the jury in determining its voluntariness. *State v. Bullock,* 235 S. C. 356, 111 S. E. (2d) 657; *State v. Worthy,* 239 S. C. 449, 123 S. E. (2d) 835; *State v. Sharpe,* 239 S. C. 258; 122 S. E. (2d) 622.

When the State offered evidence of the oral and written confessions of the appellant, an objection was made to such admission on the ground that he was not advised of his legal rights; he was not offered counsel and did not have counsel; the statement was given under duress and was not voluntary. The Trial Judge then excused the jury, and, in the absence thereof heard the testimony concerning the circumstances of the confessions. The testimony in behalf of the State was that the confessions of the appellant were freely and voluntarily given and he was not intimidated, abused or threatened in any manner. No evidence was offered in behalf of the appellant to the contrary. The procedure outlined in the case of *State v. Sanders,* 227 S. C. 287, 87 S. E. (2d) 826, had been followed, except the appellant had not availed himself, nor was he required so to do, of the opportunity through his own testimony or that of other witnesses to contradict the *prima facie* showing made by the State as to the voluntariness of his confessions. The Trial Judge admitted the confessions into evidence, holding that the State had made a *prima facie* showing that the confessions were freely and voluntarily made. The privilege of cross examination was fully accorded to counsel for the appellant. This is a case where the facts concerning the circumstances surrounding the confessions are undisputed, the task is only to judge the voluntariness of the confessions based upon the clearly established facts. All of the evidence

shows that the confessions made by the appellant were freely and voluntarily given. The jury, under appropriate instructions, were allowed to make the ultimate determination as to whether the said confessions were freely and voluntarily made.

The Sheriff of Marion County testified that he did not recall advising appellant that he was entitled to counsel but did advise him that anything he might say could be used against him. This witness also testified that the appellant never requested counsel. It is the position of the appellant that his confessions were inadmissible in evidence because he did not have the benefit of counsel at the time they were made. The constitutional right of the assistance of counsel does not generally require representation between the arrest and the arraignment. The question of the right to counsel depends largely on the circumstances of the particular case. In *Escobedo v. State of Illinois,* 378 U. S. 478, 84 S. Ct. 1758, 12 L. Ed. (2d) 977, the Supreme Court of the United States ruled inadmissible as evidence a confession obtained by the police from a murder suspect who had requested and been denied an opportunity to consult with his lawyer. Here, the appellant made no request for counsel and *Escobedo* is not controlling because of a difference in the fact situation. In *State v. Bunk,* 4 N. J. 461, 73 A. (2d) 249, 19 A. L. R. (2d) 1316, it was held a person accused of crime is not entitled to the benefit of counsel to advise him whether or not he shall confess. It was further held that an accused is only entitled to counsel to aid in his defense and not to save him from his own voluntary acts. We conclude that the confessions of the appellant were not inadmissible in evidence because he did not have the benefit of counsel at the time they were made.

It is the position of the appellant that his written confession should not have been received as evidence for the reason that it was directed, prepared and written by his interrogators. While the appellant was giving his confession at the headquarters of the Law Enforcement

Division, it was being taken down by a woman stenographer. It appears that the appellant had some hesitation about using the word "intercourse" in her presence. This stenographer was asked to leave the room and the appellant was advised "not to hold back any of the words * * * to just use the normal words he wouldn't speak before this lady". He was also told to use the words that naturally came to him and such would not upset the stenographer one bit. It was testified that the stenographer returned and proceeded with the taking of the confession, and then the appellant did use the word "intercourse" and admitted that he had such with the prosecutrix. There is no merit in this assignment of error because the record shows that the statement was read to and by the appellant and, thereafter, he voluntarily affixed his signature thereto.

In the written confession of the appellant he admitted that he went to the home of the prosecutrix on the night of October 15, 1963, and that he attacked her and had sexual intercourse with her several times. He admits that he spent the night in the bedroom of the prosecutrix and when he departed the home he took with him more than $300.00 in currency which he had obtained from the prosecutrix. He described his whereabouts until the time of his arrest.

The opening paragraph of the confession signed by the appellant contained the following:

"* * * I left Norfolk and got into Mullins about three o'clock A. M., three o'clock Sunday morning. I went down and stayed at the old place where I was born at. I stayed down there on Sunday in the daytime and evening. I left and went back over on the Nichols place. About Monday or Tuesday I went in three clubhouses down on the river. I went in the R. V. A. I took a sweater out of one of the houses; it was brown. That was out of the middle one. I got the shirts out of the one on the far end. I got some beer and stuff out of the R. V. A. I got that Monday at night. I got a bottle of whiskey. I left the nut machine in the back yard by the fence. I stayed in the woods Monday night."

When the written confession of the appellant was offered in evidence his counsel objected to its admission. When this objection was overruled counsel then, reserving his previous objection, made a motion that such portions of the confession as did not apply to the circumstances surrunding the attack on the prosecutrix be stricken and only such portions of the confession that pertained to the attack on her go to the jury. It is the position of the appellant that his confession contains admissions of other criminal offenses and that such offenses were not material and had no relation to the crime in issue. It is further contended that to admit that part of the written confession which related to other crimes permitted an attack on the character and reputation of the appellant and was prejudicial to him in the trial of his case.

The Trial Judge refused to grant the foregoing motion and did not instruct the jury to disregard the part of the confession which did not relate to the crime for which the appellant was tried.

We have held in many cases that the State cannot in any way attack the character of a defendant in a criminal prosecution unless that issue is first tendered by him. *State v. Bigham,* 133 S. C. 491, 131 S. E. 603; *State v. Bolin,* 177 S. C. 57, 180 S. E. 809; *State v. Anderson,* 181 S. C. 527, 188 S. E. 186; *State v. Britt,* 235 S. C. 395, 111 S. E. (2d) 669.

Generally, in a prosecution for one crime, proof of another direct substantive crime is never admissible unless there is some legal connection between the two, upon which it can be said that one tends to establish the other or some essential fact in issue. *State v. Gregory,* 191 S. C. 212, 4 S. E. (2d) 1. In *State v. Sharpe,* 239 S. C. 258, 122 S. E. (2d) 622, we held that evidence that the accused has committed another crime independent of and unconnected with the one on trial is inadmissible, and this rule should be strictly enforced in all cases where applicable because of the prejudicial effect of such evidence and should

not be departed from except under conditions which clearly justify such. The exceptions to the rule are not here applicable.

In *State v. Outen,* 237 S. C. 514, 118 S. E. (2d) 175, we said:

"* * * It has been held that when the parts of a conversation connected with a confession of crime charged can be separated from those relating to other offenses, only those parts which are material to the crime charged should be received in evidence. *Com. v. Wilson,* 186 Pa. 1, 40 A. 283. *People v. Spencer,* 264 Ill. 124, 106 N. E. 219, 225. In the last cited case, it was said:

" 'The general rule is that a statement in the nature of an admission or confession, in order to be admissible, must relate to the offense in question. While the fact that such statement may include another offense as well as that charged does not prevent the confession being received and going to the jury with proper instructions when there can be no separation of the relevant from the irrelevant parts, when the relevant parts can be separated from the irrelevant, this must be done, and that part only of the confession admitted which is material to the issues on trial.'

"In the case of *State v. Fowler,* 230 N. C. 470, 53 S. E. (2d) 853, 856, the North Carolina Supreme Court said:

" '* * * Moreover, the right of the confessor to have his confession considered as given, in its entirety, with whatever views or theories it affords, *State v. Jones,* 79 N. C. 630, may not extend to the prosecution, for if the part pertaining to the crime charged can be separated from the part relating to other offenses, only the part material to the inquiry should be received in evidence under the rule. * * * ' "

The only reasonable conclusion that we can reach is that the admission of the portion of the confession, above quoted, was to apprise the jury of the fact that the appellant had admitted that he was guilty of several other crimes. This had the effect of placing the character of the appellant in issue.

The crimes of housebreaking and larceny, which the appellant admitted in his confession, were wholly disconnected and totally unrelated to the crime of rape for which the appellant was being tried.

We think the quoted portion of the appellant's confession was not material to any issue that arose in his trial for the crime of rape. What we said in *State v. Bolin*, 177 S. C. 57, 180 S. E. 809, is here appropriate:

"It has been well said that proof of other crimes, or asking a witness in regard to the conviction of defendant of other crimes, tends to prejudice the defendant with the jurors, to draw their minds away from the real issue, and to create the impression that the defendant is of no value to the community, is not entitled to the benefit of the rules prescribed by law, is depraved in character; but that, however full of crime his past life may have been, the defendant is entitled to be tried upon competent evidence, and only for the offense charged."

The portion of appellant's confession relating to other crimes should have been eliminated before the confession was submitted to the jury, as was done in *State v. Outen*, 237 S. C. 514, 118 S. E. (2d) 175. It would have been a very simple matter to delete this portion of the confession and such could have been done without distorting the pertinent parts thereof.

What effect the above portion of the confession had upon the jury is only known to the members thereof. When it is made to appear that anything has occurred in a capital case which may have improperly influenced the action of the jury, the accused should be granted a new trial, although he may appear to be ever so guilty, because it may be said that his guilt has not been ascertained in the manner prescribed by law. We are convinced that the portion of the confession that directs the attention of the jury to the fact that the appellant was guilty of other crimes constituted prejudicial error and entitles him to a new trial.

In conclusion, it might not be amiss to point out that this court is not unmindful of the decision of the United States Supreme Court in *Jackson v. Denno,* 378 U. S. 368, 84 S. Ct. 1774, 12 L. Ed. (2d) 908, 1 A. L. R. (3d) 1205, decided in June, 1964, (several months after the instant case was tried), which decision, however, is not here relied upon by appellant. With the exception of the portion of the written confession which we have held inadmissible, the trial judge dealt with the admissibility of the confessions, and this opinion is written, in conformity with the well established principles of law governing the determination of the voluntariness of confessions, in full force and effect at the time of the trial below. Under the circumstances, and in further view of the fact that the evidence in the record presents no issue of coercion with respect to the confessions of the appellant, we leave for future determination in an appropriate case the full import and effect of the decision in *Jackson v. Denno, supra,* upon the law of this jurisdiction with respect to the determination of the voluntariness of confessions and their admission. The attention of counsel and the trial court, however, is called to that decision as we cannot anticipate what issues may possibly be presented with respect to appellant's confessions upon a retrial of the case.

Reversed and remanded for a new trial.

LEWIS, BUSSEY and BRAILSFORD, JJ., concur.