## 19549

The STATE, Respondent, v. Edward M. SMALLS, Appellant

(194 S. E. (2d) 188)

*Messrs. Phillip Middleton* and *deRosset Myers,* of Charleston, *for Appellant,*

*Messrs. Robert B. Wallace, Sol.,* and *A. Arthur Rosenblum, Asst. Sol.,* of Charleston, *for Respondent,*

January 16, 1973.

LEWIS, Justice:

Appellant was convicted in the General Sessions Court for Charleston County of assault with intent to ravish, with a

recommendation to mercy, and received a sentence of twenty-four (24) years. His appeal from that judgment and sentence presents two questions, but only one need be decided. That question is: Did the trial judge err in refusing to instruct the jury that testimony as to appellant's prior criminal record could only be considered in determining his credibility as a witness and was not to be considered as having any bearing on the question of guilt?

It is well established in this State that, when an accused becomes a witness in a criminal proceeding, he is subject to the same duties and liabilities of witnesses generally; and evidence of prior convictions of crimes involving moral turpitude may be introduced into evidence on the issue of his credibility. *State v. Millings,* 247 S. C. 52, 145 S. E. (2d) 422.

Upon direct examination of appellant, his counsel, anticipating the exposure by the prosecution of apellant's prior criminal record, elicited from appellant the fact that he had been previously convicted of the crime of robbery, grand larceny, and housebreaking. At the conclusion of the charge to the jury, the trial judge refused a request to instruct the jury that evidence of appellant's prior criminal record could only be considered on the issue of his credibility as a witness and not upon the question of his guilt. Appellant contends that the failure to give the requested instruction constituted prejudicial error in that, without such instruction, the jury was left free to indulge in the probabilities of one with such a criminal record committing the crime charged.

The failure of the trial judge to instruct the jury as requested was prejudicial error and a new trial must be granted. In 23 C. J. S. Criminal Law § 1032(3), the governing principle is thus stated:

"For the reason that an accused person is not to be convicted of one crime by proof that he was guilty of another, it is the general rule, at least where the party requests such instruction, that when evidence of other crimes or offenses

is admitted, it should be limited and guarded carefully by instructions to the jury, so that its operation and effect may be confined to the legitimate purpose for which it is competent and admitted."

And where the evidence of other crimes is admissible only to impeach an accused when he testifies, the court, particularly on request, should instruct the jury that such evidence shall be considered by the jury only on the question of the credibility of the accused, and not to show his guilt. 23 C. J. S. Criminal Law § 1032(2).

When appellant testified, evidence of his prior convictions became admissible solely on the issue of his credibility as a witness. And there can be no doubt that, if testimony of these crimes had been first elicited by the prosecution, the failure, particuarly upon request, to limit the admissibility of such testimony to the issue of cerdibility would have been reversible error. It is contended however that, since appellant first testified as to his prior convictions, the court was not required to limit the jury's consideration of such testimony to the issue of credibility.

Under the present circumstances, we think that the refusal to give the requested instruction constituted perjudicial error, even though the testimony of prior convictions was first introduced on direct examination of the appellant. It is readily apparent that such testimony was first elicited from appellant by his counsel solely to anticipate its later introduction by the prosecution and to thereby avoid the possible inference that appellant was trying to conceal it. There is nothing to indicate that the present testimony was introduced by appellant for any purpose other than to gain such favorable reaction as might arise from a frank disclosure of damaging testimony, which the prosecution had the right to later introduce. The testimony, as introduced, related solely to the issue of credibility and appellant, upon request had the right to have it so limited under appropriate instructions by the court. Since the jurors were not so instructed, they were free to consider the prior convictions for

any purpose, including the probability that appellant committed the crime because he had demonstrated a prior criminal tendency. This was highly prejudicial.

The judgment is accordingly reversed and the cause remanded to the lower court for a new trial.

Moss, C J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.