## 19614

The STATE, Respondent, v. Wayne SPINKS, Appellant

(196 S. E. (2d) 313)

*John W. Williams, Jr., Esq.,* of Columbia, *for Appellant,*

*James L. Mann, II, Esq., Asst. Sol.,* of Columbia, *for Respondent,*

April 17, 1973.

Moss, Chief Justice:

Wayne Spinks, the appellant herein, was tried and convicted at the 1972 May term of the Richland County Court for unlawfully and willfully concealing about his person, a knife, usually used for the infliction of personal injury upon

another person, while an inmate or prisoner of the Department of Corrections, in violation of Section 55-7.3 of the Code. The appellant prosecutes this appeal from his conviction and sentence.

The appellant testified, under questions by his own counsel as follows:

"Q. Please state your full name for the record.

A. Wayne Edward Spinks.

Q. Where are you from?

A. Originally my home is Philadelphia, Pennsylvania.

Q. You were sentenced from what county?

A. Georgetown County.

Q. What charge and what terms?

A. Larceny, assault with deadly weapon with intent to kill and two charges of armed robbery.

Q. When were you sentenced?

A. In 1969.

Q. For how many years?

A. Eighteen.

Q. Have you been an inmate in the Department of Corrections since 1969?

A. Yes, sir."

The appellant was then cross-examined by the solicitor as follows:

"Q. Alright, tell me again what you are serving time for as you told your counsel.

A. Two counts of armed robbery, one of grand larceny, one of assault with a deadly weapon with intent to kill.

Q. How about carrying a concealed weapon?"

The appellant objected to the foregoing question and such was overruled; the cross-examination then continued as follows:

"Q. So you left that one out before, didn't you?

A. I said assault. I took for granted that it was with a deadly weapon.

Q. You mean assault and battery with intent to kill, not just assault?

A. Assault and battery with intent to kill.

Q. You were carrying a concealed weapon also and you are also in for that, aren't you?

A. Right."

The appellant alleges error on the part of the trial judge in permitting the State to question him concerning the previous conviction of carrying a concealed weapon, thereby attacking his character.

We have held in many cases that the State cannot in any way attack the character of the defendant in a criminal prosecution unless that issue is first tendered by him. *The State v. Gamble,* 247 S. C. 214, 146 S. E. (2d) 709. It is also a well established rule that when a defendant becomes a witness in his own behalf, he is subject to the same duties and liabilities of witnesses generally; and evidence of prior convictions of crimes involving moral turpitude may be introduced into evidence on the issue of his credibility. *State v. Millings,* 247 S. C. 52, 145 S. E. (2d) 422.

We have held that in order to constitute reversible error, in the admission of testimony, the accused must be prejudiced thereby and the burden is upon him to satisfy this Court that there was prejudicial error. *State v. Bullock,* 235 S. C. 356, 111 S. E. (2d) 657.

The appellant, testifying in his own behalf, admitted that he had been sentenced to prison from Georgetown County. In response to the question, "What charge and what terms?" asked by his counsel, he replied that he was serving a term of eighteen years for larceny, assault with a deadly weapon with intent to kill, and two charges of armed robbery. This evidence was offered by the appellant without any limitations or statement as to its purpose. The State, on cross-examination, was permitted to show that in addition to the crimes admitted by the appellant, he was also convicted of a crime of carrying a concealed weapon and the sentence therefor was included in the eighteen year sentence. The appellant in answer to the

question of his counsel, "What charge", introduced into record the testimony regarding the prior crimes for which he was sentenced, and in so doing, "opened the door" to all crimes for which he was incarcerated, including the crime of carrying a concealed weapon.

In our opinion of eliciting of testimony from the appellant concerning his previous conviction of the crime of carrying a concealed weapon was not so prejudicial as to warrant the granting of a new trial, in view of his admitted guilt of larceny, two armed robberies and assault and battery with intent to kill.

In the recent case of *State v. Smalls,* S. C., 194 S. E. ■ (2d) 188, the appellant, apparently anticipating exposure by the State of his prior criminal record, testified that he had been previously convicted of the crimes of robbery, grand larceny, and housebreaking. Thereafter the trial judge refused to instruct the jury that the evidence of the prior convictions could only be considered on the issue of his credibility as a witness and not upon the question of his guilt. We held that it was prejudicial error to refuse the requested instruction.

In the case here under consideration there was no request made by the appellant for a similar instruction. It has been held that in the absence of a request for such instruction, the admission of evidence of other offenses without limiting its effect is not error. 23 C. J. S. Criminal Law § 1032 (3), page 1139.

The appellant was charged with having in his possession and concealed about his person, a knife while he ■ was an inmate in the Department of Corrections, Columbia, South Carolina. The scene of the alleged crime was fully described by witnesses and a diagram thereof was made. At the close of the testimony in behalf of the appellant the scene was offered in evidence and the motion was made that the jury be allowed to inspect such scene. The trial judge refused the motion and the appellant alleges that such was error.

It is provided in Section 38-302 of the Code, as follows:

"The jury in any case may, at the request of either party, be taken to view the place or premises in question or any property, matter or thing relating to the controversy between the parties when it appears to the Court that such view is necessary to a just decision. . . ."

Under the foregoing statute, it is discretionary with the Trial Judge whether he will allow the jury to view the place, and, in the absence of abuse of discretion, this Court will not interfere. *State v. Suber,* 89 S. C. 100, 71 S. E. 466; *State v. Rector,* 166 S. C. 335, 164 S. E. 865, and *Johnson v. S. C. State Highway Department,* 236 S. C. 424, 114 S. E. (2d) 591.

We have carefully considered the record in this case and find no abuse of discretion on the part of the trial judge in refusing the motion of the appellant to permit the jury to view the place of the alleged crime. The trial judge in refusing the motion of the appellant did not deprive him of any constitutional right.

The exceptions of the appellant are overruled and the judgment of the lower Court is,

Affirmed.

LEWIS, BRAILSFORD and LITTLEJOHN, J.J., concur. BUSSEY, J., dissents.

BUSSEY, Justice (dissenting):

Being convinced that there was prejudicial error entitling defendant to a new trial, I most respectfully dissent. In the case of *State v. Sharpe,* 239 S. C. 258, 122 S. E. (2d) 622, Chief Justice Moss, then Associate Justice, quite aptly and accurately stated the principles which should govern the disposition of this appeal, as follows:

"The general rule is that evidence that the accused has committed another crime independent of and unconnected with the one on trial is inadmissible. To this rule there are certain exceptions. *However, the general rule should be*

*strictly enforced in all cases where applicable because of the prejudicial effect and injustice of such evidence, and should not be departed from except under conditions which clearly justify such departure.*" (Emphasis added.)

One well recognized exception, of course, is that when a defendant takes the stand, evidence of previous crimes committed by him, involving moral turpitude may be adduced as bearing upon his credibility. Crimes not involving moral turpitude have no bearing upon one's credibility. Here, when the defendant decided to take the stand, his counsel knew that he would be subject to cross-examination as to his guilt of prior crimes involving moral turpitude. Obviously with the intent and purpose of softening the impact of what was otherwise certain to follow, counsel, in the course of introductory questions, promptly brought out from the defendant that he was serving sentences for larceny, assault with intent to kill and armed robbery, all offenses involving moral turpitude and relevant upon his credibility as a witness. We have twice recently recognized the propriety of such trial strategy. *Taylor v. State,* 258 S. C. 369, 188 S. E. (2d) 850; *State v. Smalls,* S. C., 194 S. E. (2d) 188 (1973). Omitted was any reference to the totally irrelevant crime of carrying a concealed weapon, which had no bearing on his credibility.

I don't think it can be soundly held that by offering evidence of one's record which is relevant one thereby "opens the door" to the introduction of a past record, or part thereof, which is totally irrelevant. When the time came for cross-examination of the defendant, his credibility was already as fully impeached as it could possibly be by evidence of crimes on his part involving moral turpitude. An obvious, if not the only, purpose of the solicitor in cross-examining him further about his record was to bring out the irrelevant fact of his conviction for carrying a concealed weapon and thereby improperly promote the probability that the jury would infer his guilt in the present case from the fact that he had been convicted of a similar offense in the past. *State v. Lyle,* 125

S. C. 406, 118 S. E. 803. He was allowed to pursue this improper line of cross-examination over strenuous objection and, moreover, erroneously portrayed the defendant to the jury as having improperly withheld or concealed from it evidence to which it was properly entitled.

At one point early in the cross-examination of the defendant, in the course of a colloquy between counsel and the court, a motion for a mistrial was made. Whether or not such mistrial was in order was probably within the discretion of the trial judge, but at the very least he should have promptly sustained the objection, admonished the solicitor for his improper cross-examination; and appropriately instructed the jury.

In view of all the evidence, one might well speculate as to whether or not this error, as a matter of fact, had any effect upon the verdict of the jury. There can be no doubt, however, as to the "prejudicial effect and injustice of such evidence" and that as a result thereof the defendant has not been accorded a fair trial.