21943

In the Matter of Glenn Wilson THOMASON, Respondent.
(304 S. E. (2d) 821)

*Atty. Gen., T. Travis Medlock* and *Senior Asst. Atty. Gen., Richard B. Kale, Jr.,* Columbia, *for complainant.*

*Paul J. Foster, Jr.,* Greenville and *Cary C. Doyle,* Anderson, *for respondent.*

June 29, 1983.

*Per Curiam:*

This is a disciplinary proceeding. The Hearing Panel (Panel) and Executive Committee of the Board of Commissioners on Grievances and Discipline (Board) independently recommended respondent Glenn W. Thomason be privately reprimanded because of professional misconduct.[1] We agree that respondent is guilty of misconduct but find the appropriate sanction is public reprimand.

Two separate incidents of alleged misconduct gave rise to the complaint in this proceeding: (1) respondent pled guilty to resisting a lawful arrest and forfeited bond on charges of public drunkenness, disorderly conduct, and destruction of city property, all charges arising out of an incident at the Holiday Inn Lounge in Anderson on June 5, 1981; and (2) while representing a client in a divorce action, respondent went to the place of business of the client's husband, who was represented by other counsel, and talked with him about the pending action.

On June 5, 1981, the Anderson City Police Department received a call from the Holiday Inn that an individual was

---

[1] Respondent tendered an admission conditioned upon his receiving not more than a public reprimand. This was not accepted.

.

creating a disturbance. Upon being advised by the lounge manager that respondent was drunk, had caused a disturbance, and was leaving, Officer Murphy went to respondent's car and asked him to get out of the vehicle. Officer Murphy testified respondent became verbally abusive and threatened him saying, "You better get your night stick because I am getting mine . . . ." Allegedly, respondent then attempted to get a "picker stick"[2] out of the back seat of his car. Officer Murphy grabbed respondent to prevent him from removing the stick, and respondent began cursing and struggling with the officer. Other officers who had arrived on the scene assisted Officer Murphy; they handcuffed respondent and placed him under arrest.

Respondent was, with considerable physical effort, placed in the police car. The struggle resulted in officers being kicked and respondent receiving cuts on his head, leg injuries, and cuff marks. Respondent, who was cursing, kicking and screaming, was driven to the police department. There he kicked and damaged a water fountain.[3] He continued his violent outbursts and threats. The next day a newspaper article concerning the incident appeared.

Respondent contends, and the Panel found, that his misconduct was escalated by the use of excessive force by the police officers. After respondent was placed under arrest, he clearly resisted the officers' efforts to place him in the police car. The fact that officers had to use force to move respondent to the police car and respondent therefore became further enraged should not be construed in respondent's favor.

Respondent's behavior several hours after he was placed in a cell was such that Kenneth Madison, a lawyer and City judge who was called by respondent to get him released from the jail, would not have him released. We find nothing in the record to mitigate the misconduct of respondent.

The complainant sought to show other situations where respondent's behavior had been adversely affected by excessive drinking. An objection by re-

---

[2] This is a long wooden stick used in weaving. Respondent testified the "picker stick" was evidence which had been recently used in a divorce action in which he was counsel.

[3] Respondent subsequently paid for the repair of the water fountain.

spondent was sustained. Complainant then requested an opportunity to make an offer of proof so this Court could consider such testimony if it disagreed with the Panel's ruling. This request was denied. Testimony of other incidents of such behavior may have been relevant, thus admissible. The Panel erred in refusing to allow complainant's offer of proof in order to preserve the evidence for review by this Court.

The second incident of respondent's alleged misconduct occurred when respondent, while representing one Mrs. Nicometo in a divorce action, went to Mr. Nicometo's place of business, a bar, and threatened to take his business, his home, and would "send him back to New York where he belonged." Complainant also introduced testimony of a later incident where respondent went to Mr. Nicometo's bar and boasted that he took Mr. Nicometo for $10,000.00 in that divorce. Allegedly, respondent threatened a customer in the bar and verbally abused the present Mrs. Nicometo. The police were called and respondent was escorted out of the bar. Respondent was then driven home because the police officer thought respondent was not in a condition to drive.

The Panel found there was insufficient credible evidence to support a finding that respondent communicated with Mr. Nicometo about the pending divorce. Complainant did not except to this finding. We agree with the finding; however, we conclude respondent's conduct, which is similar to his behavior in the Holiday Inn incident, adversely reflects on his fitness to practice law and tends to bring the legal profession into disrepute.

Respondent called a circuit court judge to testify on his behalf as a character witness and submitted an affidavit of a family court judge attesting to respondent's good character. Canon 2(B) of the Code of Judicial Conduct provides in part, "[a judge] should not testify voluntarily as a character witness." Counsel for respondent stated at oral argument he requested the Board to subpoena the circuit court judge and it did so. As stated in the commentary under Canon 2, "[t]he testimony of a judge as a character witness injects the prestige of his office into the proceeding in which he testifies and may be misunderstood to be an official testimonial." Especially is this true in a disciplinary proceeding where the Hearing Panel is comprised of lawyers. We deem it

improper for a judge to testify in person or by deposition or affidavit as a character witness in a disciplinary proceeding; thus, we do not consider the judges' testimony. The Board shall not hereafter issue subpoenaes for judges as character witnesses.

We agree with the conclusion of the Panel and Board ■ that respondent has engaged in conduct which is prejudicial to the administration of justice and adversely reflects on his fitness to practice law and that respondent has violated DR 1-102(A)(1), (5) and (6) of the Code of Professional Responsibility; that respondent has engaged in conduct tending to pollute the administration of justice and to bring the courts of the legal profession into disrepute or demonstrating unfitness to practice law, in violation of Section 5 (D) of the Rule on Disciplinary Procedure; and that respondent has violated the Code of Professional Responsibility, a violation of Section 5(B) of the Rule on Disciplinary Procedure. While there was some sentiment that respondent should be indefinitely suspended from the practice of law, the majority concludes the appropriate sanction is public reprimand.[4]

Accordingly, respondent Glenn W. Thomason stands publicly reprimanded by this Court for his acts of misconduct.

[4] Section 8(C) of the Rule on Disciplinary Procedure provides:

A person who, having been publicly reprimanded for misconduct, is thereafter found guilty of subsequent misconduct, shall be suspended for an indefinite period from the office of attorney at law, or permanently disbarred, depending upon the seriousness of such misconduct.