21998

The STATE, Respondent, v. Stroman JACKSON, Appellant.

(308 S. E. (2d) 786)

*Asst. Appellate Defender Tara D. Shurling,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *State Atty. Carolyn M. Adams,* Columbia, and *Sol. Charles M. Condon,* Charleston, *for respondent.*

November 2, 1983.

GREGORY, Justice.

Appellant Stroman Jackson was convicted of assault and battery with intent to kill and sentenced to twenty years' imprisonment. The issues presented on appeal concern (1) the refusal of the trial judge to grant appellant's motion for mistrial, and (2) the judge's instruction on assault and battery with intent to kill and assault and battery of a high and aggravated nature. We affirm.

Appellant was indicted for committing an assault and battery with intent to kill upon Ann L. Muse by cutting her neck and beating her with a rifle.

During the course of the trial, appellant testified on direct examination that he was convicted in 1976 of assault with intent to ravish, but he still denied his guilt. On cross examination appellant testified he was "a peaceable man" but had been in a "few little brawls" and "hate[d] a thief worse than the devil hates a hymn book."

Appellant had in fact been convicted of incest in 1956 and sentenced to eighteen years' imprisonment; escape in 1956, sentenced to three years' imprisonment; involuntary manslaughter in 1969, sentenced to thirty months; and two violations of the Federal Firearms Control Act in 1971 and 1972.

The solicitor held a document, allegedly appellant's rap sheet, during the cross examination of appellant. Appellant's counsel moved for a mistrial. The trial judge denied the motion. Appellant then attempted to make an offer of proof by calling a witness to the stand to preserve the record for review and later attempted to introduce the rap sheet to preserve it for review. The judge denied both requests.

If the judge thought the evidence proffered was irrelevant, he should have excluded it after allowing counsel to make an offer of proof in the jury's absence and marking the rap sheet as a Defendant's exhibit for identification purposes only to preserve the evidence for review by this

Court. *See In the Matter of Thomason,* S. C., 304 S. E. (2d) 821 (1983).

The record does not disclose the jury actually saw any of appellant's convictions printed on the rap sheet. The meager record before us suggests they could not. However, even if the jury saw all of the convictions, we are of the opinion appellant was not prejudiced since he had previously offered testimony concerning his conviction of assault with intent to ravish. This Court found in *State v. Spinks,* 260 S. C. 404, 196 S. E. (2d) 313, 315 (1973), that "the eliciting of testimony from [Spinks] concerning his previous conviction of the crime of carrying a concealed weapon was not so prejudicial as to warrant the granting of a new trial, in view of his admitted guilt of larceny, two armed robberies and assault and battery with intent to kill."

Under the allegations of this indictment, appellant's exceptions concerning the judge's charge on assault and battery with intent to kill and assault and battery of a high and aggravated nature are without merit; therefore, we affirm these issues under Rule 23 of this Court's Rules of Practice.

Accordingly, we affirm.

LITTLEJOHN, Acting C. J., NESS and HARWELL, JJ., and ALEXANDER M. SANDERS, JR., Acting Associate Justice, concur.