**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

William D. Farrow, Jr. and Karen W. Farrow,
Respondents,

v.

Jerry W. Darby, Appellant.

Appellate Case No. 2011-190648

———————

Appeal From Laurens County
Eugene C. Griffith, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2013-UP-087
Heard February 5, 2013 – Filed February 27, 2013

———————

**AFFIRMED**

———————

Charles E. Carpenter, Jr., Carpenter Appeals & Trial
Support, LLC, of Columbia, and George V. Hanna, IV,
Howser, Newman & Besley, LLC, of Columbia,
Appellant.

Cameron G. Boggs and J. Falkner Wilkes, both of
Greenville, for Respondents.

———————

**PER CURIAM:** Wayne Darby appeals from a verdict for David and Karen Farrow. Darby argues the trial court erred in admitting evidence of (1) previous sightings of cows outside his pastures; (2) the condition of the fences around some of his pastures; and (3) his practices in moving cattle between pastures. We find the trial court did not abuse its discretion in admitting the evidence for the purpose of showing Darby owned the cow David Farrow hit. *See Arnold v. Life Ins. Co. of Ga.*, 226 S.C. 60, 66, 83 S.E.2d 553, 555-56 (1954) (stating evidence admitted without qualification or restriction is to be treated as admitted generally and "applicable to any issue it tended to prove"); *cf. State v. Smalls*, 260 S.C. 44, 47-48, 194 S.E.2d 188, 189-90 (1973) (agreeing with appellant that trial court erred in refusing request to charge jury that evidence of defendant's criminal record could be considered only for purpose of impeachment; absent such an instruction, jury was free to consider evidence for any purpose). We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: *Gamble v. Int'l Paper Realty Corp. of S.C.*, 323 S.C. 367, 373, 474 S.E.2d 438, 441 (1996) ("The admission . . . of evidence is a matter within the sound discretion of the trial court and absent clear abuse, will not be disturbed on appeal."); Rule 401, SCRE (defining "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *Cody P. v. Bank of Am., N.A.*, 395 S.C. 611, 623-24, 720 S.E.2d 473, 480 (Ct. App. 2011) ("A trial [court's] decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances." (citation and quotation marks omitted; alteration in original)).

**AFFIRMED.**

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**